S. L. ROBINSON ET AL. v. CALIFORNIA DOUTHIT ET AL.

(Case No. 5276.)

1. EVIDENCE.— Where the question was what particular tree was referred to in a deed, evidence for the purpose was admissible to prove that the grantor had pointed out, at the time the deed was made, a certain tree as the one referred to in his deed, and that the deed was made with reference thereto.

2. WARRANTY — CONSIDERATION — ESTOPPEL.— A father conveyed to his son, in consideration of natural love and affection, with warranty of title, a tract of land on which there was a deed of trust. At the sale under the deed of trust a third party bought the land and resold his title to the father. *Held:*

(1) Protection will be given to those holding under such warranty as against the warrantor, his heirs, and those claiming under him with notice. Most of the states have gone still further, and decided that the subsequently-acquired estate will actually pass to the warrantees as if it had been originally transferred by the deed.

(2) Estoppel arising upon a breach of warranty is not restricted to those cases in which a personal action would lie against the warrantor, but exists whenever a valid conveyance having a covenant of warranty is executed.

(3) Natural love and affection is a sufficient consideration to sustain the conveyance as between the parties to the deed, and to give effect to the covenants in the deed.

3. BOUNDARY.— What matters may be considered in determining the boundary of land is a question of law to be decided by the court, and not to be sworn to as a fact by a witness.

ERROR from Collin. Tried below before the Hon. K. R. Craig, Special Judge.

Suit of trespass to try title to six hundred and forty acres of land in Collin county, Texas, out of the James Osgood survey. Both parties claimed title under Ambrose Douthit, the patentee — the plaintiffs by deed made in 1857; the defendants by deeds made in 1860 and 1863. The plaintiffs' deed was on record nearly three years before the first of the other two was made. There was no question of limitations or improvements in good faith, and a naked question of title was alone presented. The suit was filed on the 15th day of July, 1875. There was a trial in June, 1878, and a judgment given for the defendants. In April, 1880, this was reversed by the supreme court, and a motion for a rehearing refused. The case was again tried before a jury in January, 1884, and a verdict and judgment rendered for the plaintiffs.

*Throckmorton & Brown*, for plaintiffs in error, on hearsay and the inadmissibility of testimony against subsequent innocent purchasers, cited: Cheveral v. McCormick, 58 Tex., 446; Rhine v. Blake, 59 Tex., 243; Woodward v. Suggett, 59 Tex., 621; Luter v. Rose, 20 Tex., 639.

On quitclaim deeds, they cited: Gilmore v. Hayworth, 26 Tex., 91; Ackerman v. Smiley, 37 Tex., 215; Rogers v. Burchard, 34 Tex., 452; Brannock v. Monroe, Pacific Reporter, vol. 4, 488.

On the registration of a deed being constructive notice only, they cited: Taylor v. Harrison, 47 Tex., 454; McLouth v. Hurt, 51 Tex., 115; Woodward v. Suggett, 59 Tex., 621.

*L. D. Murphy* and *Garnett & Muse*, for the defendants in error, on the admissibility of testimony, cited: Hughes v. Sandal, 25 Tex., 164; Stanley v. Green, 12 Cal., 148; Atkinson v. Cummins, 9 How., 484; Jackson v. Loomis, 19 John., 449; 1 Greenl. Ev., secs. 287–291; Notes to 4 Greenleaf's Cruise, secs. 296, 297; Hempshire v. Price, 2 Ves., 216; Douthit v. Robinson, 55 Tex., 69; Ragsdale v. Robinson, 48 Tex., 379; Dunnegan v. Butler, 25 Tex., 501; Blake v. Dougherty, 5 Wheat., 359.

On the exclusion of the deed of trust, they cited: Ackerman v. Smiley, 37 Tex., 211; Satterwhite v. Rosser, 61 Tex., 166; Mays v. Lewis, 4 Tex., 38; Douglass v. Scott, 5 Ohio, 198; McCormeck v. Brown, 4 Watts, 60; Bean v. Welsh, 17 Ala., 731; White v. Patten, 24 Pick.; Doe v. Oliver, 2 Smith's Lead. Cases, 638; Rawlins' Case, 4 Coke, 50.

On the proposition that no consideration is necessary to the full operation of a deed according to its terms and character, they cited: Holliday v. White, 33 Tex., 447; Thomas v. Green, 11 Me., 318; Thatcher v. Omans, 3 Pick., 521. That a deed with covenants of warranty will pass the after-acquired title, whether it has any consideration or not, they cited: Gould v. West, 32 Tex., 338; Bush v. Cooper, 18 How., 81; McCall v. Coover, 4 Watts & Serg., 120; Cole v. Raymond, 9 Gray, 217. That a quitclaim deed will not pass the after-acquired title, no matter how large the consideration may be, they cited: Harrison v. Boring, 44 Tex., 255; Jackson v. McCrocken, 14 John., 194.

STAYTON, ASSOCIATE JUSTICE.— This cause was before this court at a former term, and it was then held that the deed from Ambrose Douthit to his son Presley J. was not void for uncertainty in the description therein given of the land, and that the record of that deed gave constructive notice to subsequent purchasers. Douthit v. Robinson, 55 Tex., 69.

The same questions are again presented, but we see no reason to doubt the correctness of the conclusions formerly announced.

An elm tree was called for in the deed, of which, if the true locality was shown, the western line of the tract conveyed would be easily established, and from this and the northern line the northwest corner accurately determined. The form of the survey, course, distance and area being given, from that corner the true locality of the entire tract could be easily ascertained.

It therefore became necessary to identify that tree, and proof was admitted to show that at the time the deed was made, for the purpose of enabling the person who wrote the deed properly to describe the land intended to be conveyed, the grantor pointed out a certain elm tree from which the western line was to run, in direction north and south, at a distance of one hundred and fifty varas east.

The witness stated the act and declarations of the grantor at the time the deed was executed, and identified the tree to which the acts and declarations of the grantor referred.

The objection made in various forms to this kind of evidence is based upon the idea that of the acts and declarations of the grantor, the defendants, who are subsequent purchasers from him, had no knowledge at the time they or those under whom they claim purchased; and, hence, that the evidence was not admissible.

As before said, the deed from Ambrose Douthit to his son, through which appellees claim, operated as notice to subsequent

---

---

purchasers, from the father, of the prior conveyance by him of whatever land was embraced in that deed, it having been duly recorded; and the acts and declarations of the grantor were not offered for the purpose of affecting subsequent purchasers from him with notice of the true locality of the land, but for the purpose of clearly identifying the land through the identification on the ground of the objects called for in the deed.

If the deed had called for a stake only at the beginning or other corner, or on a line, it certainly would have been proper to have shown that at the time the deed was made, a stake was actually put down by the grantor, or others in his presence, and his declarations accompanying the act to the effect that the stake so placed was the corner or on a given line. And if from any reason it afterwards became uncertain where such monument was placed, it would be proper to show that fact by any person who had knowledge.

The declarations of the grantor, coupled with his act in pointing out the tree which he intended should be referred to in the deed which he was then about to make, as an object from which at least one line of the tract conveyed could be established by course and distance, was certainly admissible, in connection with the other evidence offered, for the purpose of showing the true locality of the land.

The fact under investigation was: What particular tree was referred to in the deed from Ambrose Douthit to his son? Proof of that fact might be made by evidence which showed that a particular tree was pointed out by the grantor; for there being no question of notice to be affected by this evidence, the sole inquiry was, Did the grantor declare that a certain tree was the one referred to in his deed, and was the deed made with reference to his declaration? 1 Greenleaf, 108, 123; 1 Wharton's Evidence, 262; Starkie, 55, and citations in notes to these references.

On the trial of this cause the defendants proposed to prove that, prior to the making of the deed by Ambrose Douthit through which the appellees claim, he had executed a trust deed on the land to secure a debt due by him, which was duly recorded, under which the land was sold, prior to the purchases under which the appellants claim; and that at the sale thus made a third person bought the land, title to which was re-acquired by Ambrose Douthit by purchase prior to the time those under whom the appellants claim bought from him.

This evidence was objected to by the appellees, on the ground that the deed made by Ambrose Douthit to his son was a warranty

deed through which they claimed that the after-acquired title to their father's grantor inured to their benefit by reason of the warranty.

The court sustained the objection.

The deed from Ambrose Douthit to his son is as follows:

"THE STATE OF TEXAS, } *Know all Men by these Presents:*
   *County of Collin.*   }

"That I, Ambrose Douthit, of said county and state, for and in consideration of the natural love and affection I have for my son Presley J. Douthit, of the same residence, I have bargained, sold, given, granted, alienated and conveyed, and do by these presents bargain, sell, alien and convey, unto my said son, Presley J. Douthit, six hundred and forty acres of land situated in Collin county, in said state, located, surveyed and patented in the headright certificate of James Osgood, the patent being No. 158, vol. 12: Beginning at a stake, or post, one hundred and fifty varas east of an elm tree on the north boundary line; thence south three-fourths of a mile to a post; thence east, north and west so as to make six hundred and forty acres, or include the above amount.

"To have and to hold said lands with all the rights, tenements and appurtenances to the same belonging or in anywise appertaining to him, the said Presley J. Douthit, his heirs and assigns forever, and to his and their proper use and behoof; and I hereby covenant to and with the said Presley J. Douthit that I am seized in *fee* of said lands, that I have good right and authority to convey, and that I will forever warrant and defend the title thereto from all legal claims made or to be made therefor.

"Witness my hand and seal this 24th day of October, A. D. 1857.

"AMBROSE DOUTHIT."

The grounds on which the appellants claim that the deed should not have the effect to pass the after-acquired title of Ambrose Douthit is that no valuable consideration was paid to him for the land, and that therefore the deed can have no other or greater effect than a quitclaim.

This deed is neither in form nor substance a mere quitclaim.

Ambrose Douthit held title to the land at the time he conveyed to his son, but if, by any act done by him prior to making the conveyance, he had incumbered the land with a valid lien through which title subsequently passed to another, then there was a breach in the covenant of his deed. Kelley *v.* Jenness, 50 Maine, 463; Gibbs *v.* Thayer, 6 Cush., 33.

Any such incumbrance it was his duty to discharge, the son not taking subject to it and with agreement to discharge it himself.

If he had bought at the sale foreclosing the lien, his purchase certainly would have inured to the benefit of his son or those holding through him, and so, by reason of the warranty which he had given; and the right of such person could not be affected by the fact that some other person purchased at the sale made under the trust deed, and subsequently conveyed to the warrantor.

Whenever and however he obtained title through the lien existing at the time he made the warranty deed to his son, the same inured to make his warranty good.

It is said by an eminent writer that "in most of the states it is held that the presence of a covenant of general warranty in a conveyance will not only estop the grantor and his heirs from setting up an after-acquired title, but will, by force of the covenant, have the effect of *actually transferring* the estate subsequently obtained in the same manner as if it had originally passed by the deed." Rawle on Covenants, 404.

In this case it is unnecessary to inquire whether this be true to the full extent thus announced; for if the warranty operates only as an estoppel, creates the right to have the after-acquired title conveyed, or has the effect of actually transferring the estate, protection to those holding under such warranty will be given as against the warrantor, his heirs, and those claiming under him with notice, as fully in the one case as in the other.

If the after-acquired estate actually passes by reason of the warranty, then that ends this case; and the same is true if the warranty only gives to persons holding through it the right to have a conveyance from the warrantor; for in this state such an equitable title would prevail over the legal title of any one holding the after-acquired title through the warrantor with notice of his former conveyance with warranty.

If the estoppel arising from a warranty deed exists solely in those cases in which, upon breach of the warranty, an action would lie to recover the sum paid, it is evident, in this case, looking to the deed alone, that no estoppel would exist, for the deed does not purport to be upon valuable consideration.

It is not believed, however, that the estoppel arising upon a breach of warranty is restricted to those cases in which a personal action would lie against the warrantor. Rawle on Covenants, 404, 427–446; Bigelow on Estoppel, 332, 380; 3 Washburn, 399, 407; and cases

cited by those authors. On the contrary, we are of the opinion that the estoppel exists in all cases as against a grantor and subsequent purchasers from him with notice of the prior conveyance, when a valid conveyance, having such covenants as are found in the deed before us, is executed.

If the deed for want of valuable consideration was not sufficient as between the parties to pass title, or for other reasons was void as between them, then no estoppel would exist.

Natural love and affection is a sufficient consideration to sustain the conveyance as between the parties to the deed, and it would be singular indeed if such consideration was not sufficient to give effect to the covenants in the deed.

It therefore becomes unnecessary to consider whether, outside of the deed, the evidence shows that a valuable consideration was paid for the land in controversy.

These views lead to the conclusion that the court did not err in rejecting the evidence offered to show the after acquirement of title by Ambrose Douthit through the mortgage or trust deed which he executed before he made the conveyance to his son.

The witness Byrne was not introduced to prove or "explain a fact in the science of which the witness is skilled," but to obtain the statement of the witness as to his opinion of the course surveyors would pursue in locating the land conveyed in accordance with the calls in the deed. Such evidence was properly excluded on the grounds urged, and would have been inadmissible on the further ground that what matters may be considered in determining the boundary of land is a question of law to be decided by the court, and not to be sworn to as a fact by a witness.

The remaining assignments of error relate to the giving of and refusing to give instructions, and have all been considered and disposed of in the matters hereinbefore noticed, and in the opinion in the case on the former appeal, and we see no good reason for reversing the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered May 1, 1885.]