**WILLIAMS v. COOK et al.   (No. 603–4436.)**

(Commission of Appeals of Texas, Section B.
April 20, 1926.)

1. Estoppel ⬤⇒42—Rule 'that covenant of warranty passes subsequently acquired title is limited by rule that searcher of records need not go beyond origin of title claimed in record.

Rule that covenant of general warranty, in deed conveying land to which grantor has no title, passes subsequently acquired title, is limited by rule that searcher of records need go no further than origin·of title claimed in such record.

2. Public lands ⬤⇒178(2)—Award of school lands in county organized after January 1, 1875, held void and not to constitute origin of subsequently 'perfected patent issued on new application (Act April 1, 1887, § 22 [Acts 20th Leg. c. 99] as amended by Act April 8, 1889 [Acts 21st Leg. c. 56]; Act May 27, 1899 [Acts 26th Leg. c. 150]).

Under Act April 1, 1887, § 22 (Acts 20th Leg. c. 99) as amended by Act April 8, 1889 (Acts 21st Leg. c. 56) award of detached school lands in county organized after January 1, 1875, was void and did not constitute origin of subsequently perfected patent issued on new application, 'so that subsequent purchaser from patentee was not chargeable with notice of patentee's deed, executed and recorded before second application was made, notwithstanding Act May 27, 1899 (Acts 26th Leg. c. 150).

3. Adverse possession ⬤⇒106(2)—Any rights of grantee under void warranty deed executed by awardee of school lands held barred by unbroken chain of title of grantor's heirs for statutory period under subsequent patent issued to grantor (Act April 1, 1887, § 22 [Acts 20th Leg. c. 99], as amended April 8, 1889 [Acts 21st Leg. c. 56]).

Where grantor had acquired no title to school lands under Act April 1, 1887, § 22, (Acts 20th Leg. c. 99) as amended April 8, 1889 (Acts 21st Leg. c. 56) when he executed warranty deed therefor, held that any rights grantee may have acquired were barred by claim of grantor's heirs for statutory period without break, based on subsequently perfected patent issued to grantor under new application.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by J. R. Williams against M. H. Cook and others. Judgment for defendants was affirmed by the Court of Civil Appeals (272 S. W. 809), and plaintiff brings error. Affirmed.

R. B. Cousins, Jr., of Austin, Hickman & Bateman, of Breckenridge, and Chas. L. Black, of Austin, for plaintiff in error.

Karl F. Griffith, of Dallas, Conner & McRae, of Eastland, Capps, Cantey, Hanger & Short, of Fort Worth, and Ritchie & Ranspot, of Mineral Wells, for defendants in error.

SPEER, J.  James R. Williams sued M. H. Cook and others to recover an undivided one-half interest in the west half of section 70, block 4, of the Texas & Pacific Railway surveys in Stephens county, and, from an adverse decision, appealed to Court of Civil Appeals, where his case was affirmed, and to which decision the writ of error herein has been granted. 272 S. W. 809. The case involves a consideration of the rule that a covenant of general warranty will pass a title afterward acquired by the grantor. The undisputed facts, so far as material, are as follows:

On January 28, 1890, George A. Cook applied to the commissioner of the general land office to purchase the land in controversy—

"under the provisions of section 22, of 'An act to provide for the sale of all lands heretofore or hereinafter surveyed and set apart for the benefit of the public free schools, the University, and the several asylums, and the lease of such lands and of the public lands of the state, and to prevent the free use, occupancy, unlawful enclosure, or unlawful appropriation of such lands, and to prescribe and provide adequate penalties therefor' approved April 1, 1887 [Acts 20th Leg., c. 99], and the act amendatory thereof, approved April 8, 1889 [Acts 21st Leg., c. 56], the following lands situated in Stephens county," etc.

This application was indorsed on the back:

"6272 detached Secs. Nos. ——, application of George A. Cook to purchase west half Sec. 70, Blk. 4, C2—414 of T. & P. Ry. Co. in Stephens county, received January 30, 1890, awarded January 30, 1890.

"R. M. Hall, Commissioner, General Land Office."

On May 13, 1891, George A. Cook executed and delivered to plaintiff in error a general warranty deed conveying to him an undivided one-half interest in the land. This deed was duly recorded in Stephens county May 15, 1891. On February 1, 1896, the commissioner of the general land office forfeited the land for nonpayment of interest for the year ending August 1, 1894. On July 6, 1896, George A. Cook again made application for the purchase of the land; his application being designated as an "application and affidavit to purchase under prior right clause." ·The application contained the following:

"For the purpose of securing the said land and of complying with the law regulating the sale of the same, I hereby make and subscribe to the following oath, to wit: I, George A. Cook, do solemnly swear that I desire to purchase said land for homestead and that I have in good faith occupied and improved the same for six consecutive years, swear that I am not acting in collusion with others for the purpose of buying the land or any other person or corporation, and that no other person or corporation is interested in this purchase save myself, and that I am over eighteen years of age, that my post office address is Strawn, Tex., in Palo Pinto county, state of Texas."

---

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

This was accompanied by Cook's obligation for $312 as required by law. Both the application and the obligation sought to purchase "in accordance with the provisions of an act of the Legislature approved April 16, 1895 [Acts 24th Leg. c. 47.], entitled 'An act to provide for the sale of all lands heretofore or hereafter surveyed and set apart for the benefit of the public free schools and the several asylums,'" etc., and accompanying this application was an affidavit by Cook and W. S. Warren and J. D. Thompson to the effect that George A. Cook, as assignee of W. T. Cochran and Chas. E. Knott, together with his assignors, had in good faith resided upon, occupied, and improved the east half of section No. 64, block 44, in Stephens county, Tex., for at least ten consecutive years from the date of his assignee's application for the same as a homestead donation. The land was awarded to George A. Cook upon this latter application July 6, 1896. This award was subsequently forfeited for nonpayment of interest, but thereafter reinstated, and a patent was regularly issued to George A. Cook on the last-mentioned award on July 11, 1901. Cook and his wife died in 1915 and 1912, respectively, and the defendants in error are their heirs or grantees. On March 9, 1915, George A. Cook executed an oil and gas lease to E. B. Ritchie and others, defendants in error. The lease was in the usual form of such mineral leases, and purported to convey the entire mineral rights, less the usual royalty for oil and a specified sum for gas that might be discovered. This lease was later purchased by the Lone Star Gas Company, also one of defendants in error. There were also issues of limitations which it is unnecessary to specially notice in the view we take of the case.

[1] The judgment of the Court of Civil Appeals is right and should be affirmed. The rule of law contended for by plaintiffs in error, that a covenant of general warranty conveying land to which the grantor had no title would pass a subsequently acquired title, is sound and thoroughly supported in all the decisions. Baldwin v. Root, 40 S. W. 3, 90 Tex. 546; Barroum v. Culmell, 37 S. W. 313, 90 Tex. 93; Miller v. Gist, 43 S. W. 263, 91 Tex. 335; Cagle v. Sabine, etc., Co., 202 S. W. 942, 109 Tex. 178, 6 A. L. R. 1426; Robinson v. Jacobs, 254 S. W. 309, 113 Tex. 231; Logue v. Atkeson, 80 S. W. 137, 35 Tex. Civ. App. 303 (writ refused); Green v. West Texas, etc., Co. (Tex. Civ. App.) 225 S. W. 548 (writ refused); Leonard v. Benfford Lumber Co., 216 S. W. 382, 110 Tex. 83.

[2] But another principle enters into the consideration. The defendants in error other than the heirs of George A. Cook are shown to be innocent purchasers of the property, unless they are affected with notice of the record of plaintiff in error made prior to the last award. Plaintiff in error insists that they are affected by such notice, and relies upon cases like Cagle v. Timber Co., Baldwin v. Root, and Leonard v. Benfford Lumber Co., supra. The rule announced in those cases undoubtedly is a sound one. But all cases touching the question hold that a searcher of such records need go no further than the origin or inception of the title claimed in such record. So that the real question in this case is whether or not the second award and the patent to George A. Cook depended in any wise upon the first award; in other words, whether or not the first award was the inception of the George A. Cook title subsequently perfected in the patent. See Breen v. Morehead, 136 S. W. 1047, 104 Tex. 254, Ann. Cas. 1914A, 1285; Anderson v. Farmer (Tex. Civ. App.) 189 S. W. 508 (writ refused); Bogart v. Moody, 79 S. W. 633, 35 Tex. Civ. App. 1 (writ refused); Deaton v. Rush, 252 S. W. 1025, 113 Tex. 176; Texas Co. v. Barker (Tex. Civ. App.) 258 S. W. 864.

Now we think the title of George A. Cook did not have its inception in the first award, for the simple reason that that award conferred no rights whatever, but was void as being in excess of the commissioner's powers. We are not at liberty to treat the award other than as it was treated by the applicant and the commissioner of the land office. Clearly it was applied for and awarded under section 22, as amended by the act approved April 8, 1889, authorizing the sale of what is commonly known as detached or scrap lands. But, under the very terms of that section, the commissioner of the general land office had no authority to sell such detached sections or fractions of sections in Stephens county, for such power was expressly limited to sales in those counties "organized prior to the first day of January, 1875," while Stephens county was organized in 1876. It seems that in 1899 Charles Rogan, then commissioner of the general land office, certified that the maps and records of that office show that said land was on the date of said sale (January 30, 1890) in a county organized since January 1, 1875, wherefore the same was illegal and void, and no patent could legally issue thereon. Of course the invalidity of the sale is in no wise affected by this certificate, or the want of it, but it does show that the land department recognized the invalidity of the first award. This attempted award, therefore, is not to be treated as on a par with a valid award, bounty warrant, land certificate, or the like, which are considered the inception of a title within the rule being considered.

Plaintiff in error invokes the act approved May 27, 1899 (Acts 26th Leg. c. 150), quieting the titles of those applicants who prior to January 1, 1899, made application to purchase public free school or other lands and had within six months after the date of such application made actual settlement and first payment thereon, etc. But the effect of this statute is rather to hurt than to help plaintiff in error. The award of 1890 did not come

within the benefits of such act, since the awardee had permitted forfeiture, and for even the better reason that such award was absolutely void. If the act had any effect in this case, it could only be to validate the second award.

We are of the opinion that the inception of the George A. Cook title was the application of May 7, 1896, when his first right to the land originated, and, under all the authorities, purchasers from him were not charged with notice by anything of record in Stephens county affecting the title prior to that date.

[3] This conclusion also settles the question of limitations in favor of the other defendants in error. Since the ancestor's title had its inception in the award of 1896, there has been no break in the title claimed by the heirs, and, whatever right the plaintiff in error may ever have had, the same is barred indisputably.

We therefore recommend that the judgments of the Court of Civil Appeals and the trial court be in all respects affirmed.

GREENWOOD and PIERSON, JJ. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.