W. T. CASWELL v. LLANO OIL COMPANY ET AL.

No. 5583. Decided March 4, 1931.
(36 S. W., 2d Series, 208.)

*Bean & Klett,* for appellant.

The trial court erred in rendering judgment against the plaintiff, in

that the undisputed evidence conclusively shows that the plaintiff acquired the mineral lease in question from the defendant G. E. Lockhart in good faith, for valuable consideration, without notice, actual or constructive, of the mineral lease executed by the defendant G. E. Lockhart to H. H. Patterson and by H. H. Patterson transferred to the Llano Oil Co. for the reason that the title of the Llano Oil Co. under the latter mineral lease was divested by the trustee's sale and was not an instrument in the plaintiff's chain of title of which the plaintiff had notice or was required to take notice.

Our point is that the plaintiff, as a subsequent purchaser, was not charged with constructive notice of the previous mineral lease executed by Lockhart in favor of Patterson and transferred to the Llano Oil Co.

We base this proposition principally on the ground that, under the registration laws, the mineral lease executed by Lockhart to Patterson was not in the line of title under which the plaintiff claims.

To make specific application of our contention, we claim that even though Lockhart made a mineral lease to Patterson that mineral lease was extinguished by trustee's sale to Otto Stolley and a new chain of title started, and that when Stolley conveyed to Lockhart and Lockhart executed a mineral lease claimed by plaintiff, that plaintiff was not required, in searching the records, to look for any instrument that may have been executed by Lockhart before he acquired the title or after he parted with title. In other words, one searching the record for instruments made by a person in the chain of title is only bound to look for instruments executed by such persons while he was the owner of the title. Breen v. Morehead (Sup.), 136 S. W., 1074; Breen v. Morehead, 126 S. W., 650; White v. McGregor, 92 Texas, 556; Builders Sash and Door Co. v. Joiner (N. C.), 25 A. L. R., 81; Bingham v. Kirkland, 34 N. J. Eq., 229, 234; Tiedeman on Real Property, sec. 515; Tiffany on Real Property, vol. 1, sec. 476, p. 1080; Pomeroy's Equity Jurisprudence, vol. 2, sec. 658, p. 1133.

*Bryan, Stone, Wade & Agerton, J. H. Trickey* and *B. G. Mansell,* for appellees.

Since the undisputed evidence discloses that Otto Stolley, the original trustee named in the two deeds of trust, was requested not to act as trustee in the sale of said lands, but to resign in order that the holder of the notes might appoint another and substitute trustee; and since the undisputed evidence shows that the two sections of land were each sold as a whole instead of by separate quarter sections as required by the deed of trust; and since the undisputed evidence further shows that the notices of trustee's sale were posted and published for only twenty days prior to the date of sale, instead of three full weeks prior thereto as required by the deed of trust and the law applicable thereto, the sale of the two

sections of land by the substitute trustee was void and passed no title to the purchaser; hence, the doctrine of innocent purchaser for value is not available to appellant in support of his claim of title to the mineral estate as against the prior rights of appellee with respect thereto, and appellee has the better title, regardless of the doctrine of estoppel invoked by it against appellant. Bracken v. Bounds, 96 Texas, 200; Bemis v. Wiilliams, 74 S. W., 332; Davis v. Hughes, 85 S. W., 1161; Rawlings v. Lewis, 191 S. W., 784; Beamer v. Stewart, 236 S. W., 795; Clark v. Richardson, 247 S. W., 347.

After Lockhart conveyed the mineral estate in question to appellee with warranty of title, under chain of title duly registered, he could not thereafter acquire title to the same mineral estate through and under foreclosure of a prior deed of trust, to the detriment of appellee's estate; but the subsequent conveyance to him passed the mineral estate then acquired by him as by conveyance to appellee to feed his previous warranty to it. And appellant, being a subsequent purchaser from Lockhart under the same chain of title, was charged with notice by prior registry of the instruments constituting appellee's chain of title, and was estopped thereby to claim a mineral estate under Lockhart, inconsistent with appellee's right. Robinson v. Douthit, 64 Texas, 101; Baldwin v. Root, 90 Texas, 546; White v. McGregor, 92 Texas, 556; Breen v. Morehead, 104 Texas, 254; Leonard v. Benford Lumber Co., 110 Texas, 83.

Mr. Presiding Commissioner HARVEY delivered the opinion of the court.

The Court of Civil Appeals for the Seventh District has submitted the following certificate containing certified questions:

"In this suit the plaintiff, W. T. Caswell, sued the defendants Llano Oil Co., a private corporation, G. E. Lockhart and H. H. Patterson in the District Court to obtain a judgment to confirm and validate his title in the leasehold estate to the mineral rights on and under sections Nos. 17 and 24 in Block A-8, situated in Gaines County, Texas, and to cancel certain instruments under which the Llano Oil Co. claims title to said minerals.

"The plaintiff alleges that about October 1, 1924, G. E. Lockhart was the owner of said lands and executed and delivered to Otto Stolley as trustee for the use and benefit of Hugo Erzkus, beneficiary, two deeds of trust, one against each of said sections. That each deed of trust was given to secure the payment of four vendor's lien notes of even date therewith, each in the sum of $522.93, with interest thereon payable annually at the rate of eight per cent per annum. That each of said notes was executed by G. E. Lockhart and delivered and made payable to Hugo Erzkus on or before five years from their date and the notes and deeds of trust provided that failure to pay any of said notes when due, or the

interest and taxes as required by said notes and said deeds of trust, authorized the holder of said notes, at his option, to declare all of said notes due and foreclose his liens. But each deed of trust also stipulated that a separate lien was created against each quarter section of said land, which lien secured the payment of one only of said notes.

"That about May 20, 1925, G. E. Lockhart and his wife Lou Lockhart, executed and delivered to the defendant H. H. Patterson an oil and gas lease on said lands for a period of ten years at an annual rental of $252.00. That about March 22, 1926, H. H. Patterson sold and transferred said oil and gas lease to the defendant Llano Oil Co. and that all of said defendants are asserting claims to the mineral rights on said land by reason of such instruments, adverse to the title and claim of the plaintiff.

"That about January 3, 1927, after default was made as stipulated in said notes and deeds of trust, the holder of the notes exercised his option and declared all of them due and foreclosed his deeds of trust liens. That the trustee Otto Stolley refused to act and the beneficiary appointed A. L. Duff as substitute trustee, who after advertising the sale of the land as required by the deeds of trust and the law, on February 1, 1927, sold the land to Otto Stolley and conveyed it to him by a trustee's deed, and the oil and gas lease theretofore made by G. E. Lockhart to H. H. Patterson and the transfer thereof by H. H. Patterson to the defendant Llano Oil Company, were cancelled and terminated.

"That about Feb. 21, 1927, Otto Stolley conveyed said lands to G. E. Lockhart and on May 19th thereafter G. E. Lockhart, for a valuable consideration, executed and delivered to the plaintiff an oil and gas lease upon said lands for a period of five years. That plaintiff has kept in force said lease by the payment of the rentals and the performance of all the requirements therein and is the owner and holder of a valid, superior and subsisting oil and gas lease, in writing, for value, in good faith, without notice or knowledge, actual or constructive, of any of the adverse claims asserted by the defendants.

"The defendant H. H. Patterson answered by general demurrer and general denial.

"The defendant Llano Oil Company answered by general demurrer and general denial and pleaded specially that the defendant G. E. Lockhart was the owner of and in possession of the lands involved in this controversy on May 20, 1925, on which date he and his wife executed and delivered to H. H. Patterson a mineral lease granting to the lessee the privilege of entering upon said lands, prospecting for and removing therefrom all the minerals and mineral products thereon, which lease contained the various stipulations incident to oil and gas leases, and which included the following provision:

" 'Lessor (meaning lessors) hereby warrants and agrees to defend the

title to the lands herein described, and agrees that the lessee shall have the right at any time to redeem for lessor by payment, any mortgages, taxes or other lins upon the above described lands in the event of default of payment by lessor and to be subrogated to the rights of the holder thereof.'

"That on June 18, 1925, said lease was filed for record with the County Clerk of Gaines County, Texas, and duly and promptly recorded in the deed records of said county.

"That on March 22, 1926, H. H. Patterson, for a valuable consideration, by a proper transfer, assigned and conveyed to the Llano Oil Company the above described lease and all rights thereunder, which transfer was duly filed for record and promptly recorded on April 3, 1926, in the deed records of Gaines County, Texas.

"That the Llano Oil Company performed all of the requirements of said lease, and paid to the defendant G. E. Lockhart all the rentals as stipulated in the lease on or before their due date, which rentals were accepted, retained and appropriated by him.

"That if on the date of the mineral lease to H. H. Patterson Hugo Erzkus held a deed of trust against the two sections of land and if, as alleged, the defendant G. E. Lockhart defaulted in the payment of the obligations secured by such deeds of trust, and if, in compliance with the terms thereof a substitute trustee was appointed and advertised and sold the land to Otto Stolley, and if all of said things were done in good faith and not for the purpose of invalidating the mineral lease held and owned by the Llano Oil Company; it nevertheless alleges that its mineral lease is valid for the reason that whatever title to said lands that were acquired by Otto Stolley under the sale and trustees deed to him, he thereafter sold and conveyed by deed to the defendant G. E. Lockhart, which deed vested in said Lockhart title to said land subject to the mineral lease of this defendant and the said Lockhart, under the facts stated, is and was instantly on delivery to him of the deed from Stolley to said lands, and ever since has been estopped from denying the title of the Llano Oil Co., because G. E. Lockhart had warranted the title acquired by this defendant against the deeds of trust to Hugo Erzkus and every other person whomsoever.

"That the plaintiff obtained and accepted his alleged lease with actual and constructive notice of the title of the Llano Oil Company and such lease vested in him no rights inconsistent with those held by the Llano Oil Company under the lease to H. H. Patterson.

"The Llano Oil Company, on sufficient pleading, asked for judgment against the plaintiff and the defendant G. E. Lockhart removing the cloud from its title to the minerals in said sections of land, which existed by reason of the lease from Lockhart to the plaintiff.

"The defendant G. E. Lockhart, in answer to the cross action of the Llano Oil Company, filed a general demurrer and general denial.

"The record discloses that on October 1, 1924, Hugo Erzkus and wife executed to G. E. Lockhart eight warranty deeds, each conveying a quarter section of land, consisting of 160 acres, and all together conveying the two sections of land herein involved. That said deeds each retained a vendor's lien to secure the payment of one note for $522.93, executed by G. E. Lockhart and payable to Hugo Erzkus in part payment of the particular quarter section conveyed, and that each of said deeds were duly recorded in the deed records of Gaines County, Texas. That simultaneously with the execution and delivery of said deeds, G. E. Lockhart executed the two deeds of trust to Otto Stolley, trustee, which deeds of trust described separately the four quarters of sections 17 and 24 respectively, and which deeds of trust also stipulated that a separate lien was created against each quarter section to secure the payment of one only of said notes, said deeds of trust being recorded in the deeds of trust records of Gaines County, Texas, on Dec. 30, 1924. That said deeds of trust provided that failure to pay all the taxes for any year on any of said tracts or failure to pay the school land interest on any of said tracts on or before the 1st day of November of each year it was due, should mature the note given for such tract at the option of the holder of such note. That if from any cause whatever the trustee refused to act or became disqualified, the holder of the notes should have the power to appoint a substitute, in writing, who should have the same powers as were delegated to the trustee. That all recitals in deeds made under said deeds of trust should be received in all courts as full and sufficient proof of the acts having been performed and the facts as therein recited and that from the execution of the deed under said deeds of trust, it should be presumed that all the prerequisites had been performed in compliance therewith.

"That on January 3, 1927, Hugo Erzkus, by an instrument in writing, appointed as substitute trustees in the deeds of trust A. L. Duff, reciting in said instrument that he was the owner and holder of said notes and that default had been made in the payment of the state and county taxes due on the land for the year 1925 and payment of school land interest due for the year 1926 and he elected to declare all of said notes due and matured and had requested Otto Stolley to enforce said trust, which he had refused to do.

"That by trustee's deed dated Feb. 21, 1927, and recorded in the deed records of Gaines County, Texas, on April 14, 1927, A. L. Duff, as substitute trustee, conveyed the land sold under said deeds of trust, to Otto Stolley. That the trustee's deed recited that Otto Stolley had refused to execute the trust, after being required so to do, and that Hugo Erzkus, on the 3rd day of January, 1927, appointed in writing A. L. Duff as substitute trustee and that the substitute trustee, having been

required by Hugo Erzkus to sell the lands and premises, and the said G. E. Lockhart having failed and refused to pay said notes or any part thereof, and after notice of sale having been published for three consecutive weeks, the first publication appearing twenty days before the date of sale, and said notice having been duly posted twenty days before the date of sale, etc.

"That by deed dated Feb. 21, 1927, and recorded April 14, 1927, Otto Stolley conveyed to G. E. Lockhart said two sections of land.

"That on May 19, 1927, G. E. Lockhart, as lessor, sold to W. T. Caswell, as lessee, for a consideration of $1280.00, the mineral rights to said two sections of land for a period of five years.

"That on May 20, 1925, G. E. Lockhart and wife, as lessors, by the usual and ordinary form of a mineral lease, sold and transferred to H. H. Patterson, as lessee, the minerals in, upon and under said two sections of land, which lease, among other things, provides that:

" 'Lessor hereby warrants and agrees to defend the title to the land herein described and agrees that lessee shall have the right at any time to redeem for lessor by payment, any mortgages, taxes or other liens on the above described land in the event of default of payment by lessor and to be subrogated to the rights of the holder thereof.'

"That this lease contract was filed with the County Clerk and duly recorded in the deed records of Gaines County, Texas, on June 18, 1925.

"That on March 22, 1926, H. H. Patterson and wife conveyed all of their right, title and interest in the mineral rights in and upon said lands to the Llano Oil Company, for a valuable consideration, which transfer and assignment was filed and duly recorded in the deed records of Gaines County, Texas, on April 3, 1926.

"That Otto Stolley testified by deposition that in resigning as trustee and buying the land at the trustees sale and reselling it to G. E. Lockhart, he was acting at the request of Hugo Erzkus.

"It was agreed by the parties that W. T. Caswell acquired the lease in controversy from G. E. Lockhart and paid $1280.00 therefor without actual notice of the mineral lease that Lockhart had made to H. H. Patterson or the transfer of said lease from H. H. Patterson to the Llano Oil Company. That plaintiff has kept the rentals in this lease paid and otherwise performed the requirements thereof. That the Llano Oil Company and Patterson have paid to Lockhart, and that he has accepted and retained the full rentals accruing under the lease from him to H. H. Patterson. That Otto Stolley, who purchased the land at trustees sale and conveyed it to G. E. Lockhart, is the same Otto Stolley named as trustee in the deeds of trust.

"On a trial before the Court without the intervention of a jury, the plaintiff was denied a recovery against the defendants and the Llano Oil Company was given judgment against the plaintiff and the defendant

Lockhart confirming the validity of its oil and gas lease to said property.

"The plaintiff contends that in as much as the record shows without dispute that he paid value for his lease without actual notice of the lease from G. E. Lockhart to H. H. Patterson or the transfer thereof by H. H. Patterson to the Llano Oil Company, and that both of said instruments were terminated and cancelled by the trustees sale, such instruments did not constitute a part of and were not in his chain of title and he was not charged with constructive notice thereof and was therefore an innocent purchaser and entitled to recover.

"In support of this contention, he relies on Breen v. Morehead, 126 S. W., 650 (Court of Civil Appeals), 136 S. W., 1047 (Supreme Court); White v. McGregor, 92 Texas, 556; Anderson v. Farmer, 189 S. W., 508 (Court of Civil Appeals—writ denied); Builders Sash & Door Co. v. Joiner, 25 A. L. R., 81; Bingham v. Kirkland, 34 N. J. Eq., 229, 234; Tiedeman on Real Property, sec. 515; Tiffany on Real Property, vol. 1, sec. 476, p. 1080; 2 Pom. Eq. Jur., p. 1133, sec. 658.

"The defendants contend that plaintiff was charged with constructive notice by the record of the lease from G. E. Lockhart to H. H. Patterson and the transfer thereof to the Llano Oil Company and that in as much as the lease from Lockhart to Patterson contained a general warranty of title, that such covenant of general warranty passed the subsequent title acquired by Lockhart from Otto Stolley, who purchased at the trustees sale, to the Llano Oil Company.

"To sustain this contention, the defendants rely on Robinson v. Douthitt, 64 Texas, 101; Baldwin v. Root, 90 Texas, 546; Leonard v. Benford Lumber Co, 110 Texas, 83, 216 S. W., 382; Williams v. Cook et al., 282 S. W., 574.

"The defendants also contend that the testimony without contradiction shows that Otto Stolley did not refused to act as trustee, but resigned at the request of the holder of the notes and that the substitute trustee sold the two sections of land as a whole and that the notices of the sale, according to the recitations in the trustee's deed, were not for the length of time required by law; and hence the doctrine of innocent purchaser for value is not available to the plaintiff in support of his claim to the mineral estate in the land against the prior rights of the defendants.

"To support this contention, the defendants rely on Bracken v. Bounds, 96 Texas, 200; Bemis v. Williams, 74 S. W., 332; Davis v. Hughes, 85 S. W., 1161; Bemer v. Stewart, 236 S. W., 795; Clark v. Richardson, 247 S. W., 347.

"To this contention the plaintiff replies that the trustee's deed recites that the mortgagor was duly notified of the sale and the deeds of trust provide all recitals in the deed executed under such sale shall be received in all courts of law and equity as full and sufficient proof of the acts having been performed and relies on Southland Lumber Co. v. Boyd, 244

S. W., 119, and also urges that such contention can not be raised in a collateral attack, such as this is, but must be alleged in a proceeding in a direct attack to set the sale aside and cites, in support of his position, Walker v. Taylor, 142 S. W., 31; Radford v. Shaw, 9 S. W. (2d) 419.

"This Court is unable to agree upon the issues presented by this certificate. We therefore certify to Your Honors the following questions:

"(1) Was the plaintiff charged with constructive notice of the title of the Llano Oil Company by the record of the lease from Lockhart to Patterson and the transfer of such leasehold rights by Patterson to the Llano Oil Company?

"(2) Did the warranty given by G. E. Lockhart in the lease to H. H. Patterson defeat the title of plaintiff under this record?

"(3) Was the sale by the substitute trustee void?"

It is established in this state that "when one conveys land by warranty of title, or in such manner as to be estopped to dispute the title of his grantee, a title subsequently acquired to that land by the grantor will pass *eo instanti* to his warrantee, binding both the warrantor and his heirs, and subsequent purchasers from either." Baldwin v. Root, 90 Texas, 553, 40 S. W., 36. It is also settled that the registration of such instrument of conveyance affects subsequent purchasers under the grantor with constructive notice of the instrument (Robinson v. Douthitt, 64 Texas, 101, Leonard v. Benford Lumber Co., 110 Texas, 83, 216 S. W., 382); provided the title, which is acquired by the grantor after the instrument is executed, originated prior to the execution of said instrument. Breen v. Morehead, 104 Texas, 254, 136 S. W., 1047; Williams v. Cook (Texas Com. App.), 282 S. W., 574.

It appears from the certificate that the title to the two sections of land in controversy, which was acquired by Lockhart from Stolley, originated sometime prior to the execution by Lockhart of the mineral lease to Patterson. This lease, containing as it does a covenant of warranty of title, was duly of record when Caswell purchased from Lockhart, and Caswell was thereby affected with constructive notice of the rights of the Llano Oil Company in the land, as assignee of Patterson.

We recommend that the first and second certified questions be answered in the affirmative. This renders the third certified question immaterial.

The opinion of the Commission of Appeals answering the certified questions is adopted, and ordered certified.

C. M. CURETON, Chief Justice.