## Lee WEST v. STATE.
### No. 14061.

Court of Criminal Appeals of Texas.
March 25, 1931.

Rehearing Denied April 29, 1931.

Myres & Pressly, of Fort Worth, for appellant.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

MORROW, P. J.

The unlawful transportation of intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for one year.

The evidence is such as to disclose that the appellant and three other persons were riding in an automobile driven by appellant in which whisky was transported. A half gallon of whisky was seized by the officers, and the evidence showed that there were some bottles and jars which had been broken.

There are no bills of exception. The complaint of the charge of the court upon the ground that there was error in charging on the law of principals is not deemed meritorious. From the evidence it appears that all four of the persons in the car were acting together in the transportation of the whisky, in the endeavor to destroy the evidence and in the effort to escape. The appellant introduced no evidence.

We think there was no error in refusing to instruct the jury, as requested by the appellant, that, if he did not know that the car contained whisky, he should be acquitted. We fail to perceive any evidence that would acquire such a charge. The court charged on the law of circumstantial evidence, which was perhaps quite liberal to the appellant under the facts of the case.

Finding no error, the judgment is affirmed.

## W. T. CASWELL v. LLANO OIL CO. et al.
### No. 3268.

Court of Civil Appeals of Texas. Amarillo.
April 8, 1931.

Bean & Klett, of Lubbock, for appellant.

Lockhart, Garrard & Brown, of Lubbock, and J. H. Trickey, B. G. Mansell, and Bryan, Stone, Wade & Agerton, all of Fort Worth, for appellees.

JACKSON, J.

In an opinion reported in 36 S.W.(2d) 208, in answer to certified questions, the Supreme Court settled the law against appellant's contentions.

The judgment is therefore affirmed.