**HUNLEY v. BULOWSKI et al.**

No. 6656.

Court of Civil Appeals of Texas. Texarkana.

March 5, 1953.

Rehearing Denied April 9, 1953.

E. F. Kucera and W. P. Donalson, Dallas, Texas, for appellant.

W. L. Crawford, Dallas, W. D. Brown, Quitman, Chilcote & Clark, Tyler, C. C. Renfro, Dallas, for appellees.

WILLIAMS, Justice.

This action primarily for a declaratory judgment involves the ownership of the minerals and only the minerals under a 148.53 acre tract of land out of the W. S. Fisher H. R. Survey in Wood County, Texas. Joe Bulowski and wife, Dr. Geo. A. Schenewerk and others who held or claimed under them were cast as plaintiffs, and L. L. Hunley and Schley McKay as defendants. It was agreed that J. Sid Pulliam and those holding under him own an undivided ⅐ interest; and Joe Lawther and those holding under him own an undivided ⅐ interest. As to the remainder, the court found that Schley McKay and Joe Bulowski, and those holding under them each owned an undivided ⅐ interest

and Dr. Geo. A. Schenewerk an undivided ³⁄₇ interest. The claim of L. L. Hunley to an undivided ⅐ interest was denied. He is the sole appellant.

W. K. Menefee, the agreed common source of title, acquired the land from the Quitman National Farm Loan Association by virtue of deed to him, dated April 21, 1931, and recorded May 13, 1931. He paid $700 cash and assumed the payment of $2,180 secured by deed of trust lien due the Federal Land Bank. Litigants agreed that "after Menefee acquired the tract, he joined by his wife, executed ten deeds each purporting to convey an undivided one-seventh interest in the land and underlying minerals." The grantees in said deeds are listed in column one which follows; the dates of the deeds are shown in column two; and the dates of filing are shown in column three:

| | | | |
|---|---|---|---|
| (1) | J. S. Pulliam | 5–12–31 | 5–20–31 |
| (2) | Joe E. Lawther | 5–12–31 | 5–20–31 |
| (3) | Sue Cousins | 5–12–31 | 5–27–31 |
| (4) | W. H. Cousins | 5–12–31 | 5–27–31 |
| (5) | M. T. Paine et ux. | 5–12–31 | 3–26–36 |
| (6) | Geo. A. Schenewerk | 5–12–31 | 6–18–37 |
| (7) | L. L. Hunley | 11–5–34 | 2–21–44 |
| (8) | Schley McKay | 11–5–34 | 2–21–44 |
| (9) | Geo. A. Schenewerk (2nd) | 5–28–36 | 6–18–37 |
| (10) | Joe Bulowski et ux. | 1–4–38 | 1–14–38 |

Subsequent to above conveyances, Paine and wife under a deed dated June 30, 1947, recorded July 3, 1947, conveyed to Schenewerk the ⅐ they formerly had acquired in 1931 from Menefee.

The deed from the loan association conveyed the full title in fee simple with general warranty of title. Each of the other above mentioned deeds purports to convey the fee simple title to a ⅐ interest in the tract subject to the outstanding debt and lien held by the Land Bank; and each of above grantees purchased in good faith, paying a valuable consideration and without actual notice of any alleged defect.

Under a deed, dated May 3, 1939, filed for record November 25, 1940, W. H. Cousins and wife, Sue Cousins, both now de-

ceased, conveyed to W. K. Menefee "all our right, title and interest in and to" the 148.53 acres. The habendum clause in this deed reads: "To have and to hold the said premises, together with all and singular the rights, privileges and appurtenances thereto in any manner belonging unto the said W. K. Menefee, his heirs and assigns, forever, so that neither we, the said W. H. Cousins and wife, Sue Cousins, nor our heirs, nor any person or persons claiming under us shall, at any time hereafter, have, claim or demand any right or title to the aforesaid premises or appurtenances, or any part thereof."

It is to be observed that Menefee still owned a $\frac{1}{7}$ interest prior to the time he executed his deeds to Hunley and McKay. Hunley and McKay agreed at the same time to buy. The court found that Menefee delivered his deed to Hunley first; this finding is not attacked. Hence upon delivery of this deed of November 5, 1934, Hunley acquired a good title to an undivided $\frac{1}{7}$ interest. So upon delivery to Hunley, he, Pulliam, Lawther, Sue Cousins, W. H. Cousins, Paine and Schenewerk each was then vested with a good title to a $\frac{1}{7}$ interest.

■ At the time of Menefee's delivery of his deed for a $\frac{1}{7}$ interest to McKay, the Paine and Schenewerk deeds, both dated May 12, 1931, had not been filed for record. The two deeds not being of record at the time McKay purchased the $\frac{1}{7}$ undivided interest, and he being a purchaser in good faith for a valuable consideration, the court concluded that the previous conveyance of a good title into Schenewerk was void as to McKay, and hence McKay acquired a good title to a $\frac{1}{7}$ undivided interest. This conclusion is sustained. Hence on delivery of the McKay deed, he, Pulliam, Lawther, Sue Cousins, W. H. Cousins, Paine and Hunley each held a good title. A court at such time and now would have so adjudicated for the reason that Schenewerk's title was void as between him and McKay by reason of Art. 6627, Vernon's T.C.S., which reads: "All bargains, sales and other conveyances whatever, * * * shall be void as to all creditors and subsequent purchasers for a valuable considera-

tion without notice, unless they shall be acknowledged or proved and filed with the clerk, to be recorded as required by law; but the same as between the parties and their heirs, and as to all subsequent purchasers, with notice thereof or without valuable consideration, shall be valid and binding."

■ Schenewerk made his second purchase of a $\frac{1}{7}$ interest under the deed into him, dated May 28, 1936. At the time of this purchase, Schenewerk was charged with constructive notice of the deeds then of record. The deed records would have disclosed that Menefee had conveyed off $\frac{5}{7}$ interest which with his interest he had bought in 1931 totaled $\frac{9}{7}$ interest. The Hunley and McKay deeds then were not of record. Hence as found by the court, Schenewerk acquired a good title to this $\frac{1}{7}$ interest under his purchase in May, 1936. Article 6627, supra.

■ It is apparent that at the time Schenewerk purchased a $\frac{1}{7}$ interest from Paine in 1947 (second interest), the deed records then disclosed that Menefee had conveyed off $\frac{10}{7}$ interests. Notwithstanding above fact, Paine and wife who had acquired a good title under their deed into them in 1931 and who had never lost such title, conveyed to Schenewerk a good title. " * * * a subsequent purchaser, with notice of outstanding equities, who buys from a bona fide purchaser without notice takes title freed of such equities was announced by Judge Pleasants in the following language: 'It is * * * well settled that, if a subsequent purchaser with notice acquires title from a former purchaser, who bought for value and without notice, such subsequent purchaser succeeds to all the rights of his grantor. When land once becomes freed from equities by a bona fide purchase by one having no notice of the equities, such purchaser obtains a complete jus disponendi, and any one who takes title from him takes it free from said prior equities, notwithstanding he may have notice thereof at the time he buys.'" Harper v. Over, Tex.Civ.App., 101 S.W.2d 830, 831, and authorities there cited; Donald v. Davis, Tex.Civ.App., 208

S.W.2d 571, w/r. So upon delivery of this deed from Paine to Schenewerk a good title as to these parties then stood 1/7 each in Pulliam, Lawther, Sue Cousins, W. H. Cousins; 2/7 in Schenewerk and a 1/7 interest in either McKay or Hunley.

■ Seven deeds out of Menefee and each a conveyance of a 1/7 interest were of record at the time Bulowski purchased a 1/7 interest from Menefee on January 4, 1938. Bulowski was charged with constructive notice of such fact. The Hunley and McKay deeds out of Menefee were not of record at such time, and Bulowski was without any actual information of such outstanding deeds or claims of Hunley and McKay. The jury found in response to Special Issue No. 1, amply supported by the evidence, that Bulowski paid a valuable consideration for this interest. Special Issue No. 2, the only other issue submitted, reads: "Do you find from a preponderance of the evidence that at the time said Bulowski obtained said deed, on January 4, 1938, that he bought the same without notice that either the defendants Schley McKay or L. L. Hunley was claiming an interest in said land? In connection with this question you are instructed that by the term 'notice', as used herein, is meant either that he had actual knowledge thereof or that he had knowledge and information of such facts as would put a reasonably prudent person upon inquiry as to whether they, or either of them, was making any claim, from which inquiry, if made, he would have ascertained the fact as to their claim." The jury answered, "He did not have notice."

No deed then of record contained any data which reflected the deeds or claims of Hunley or McKay, and Bulowski never knew of Hunley and McKay or of their claims or deeds until some ten years later. In a casual meeting in a Dallas, Texas, bank, Bulowski in a conversation with Lawther, Pulliam, Menefee and his wife, (he) learned that Menefee then wanted to sell a 1/7 interest; that Menefee then wanted to sell the Cousins interest. Upon being informed by Lawther and Pulliam that they had each purchased and owned a 1/7 interest and that they thought it to be a good gamble, Bulowski then made his purchase. He did not investigate his title. In fact, this record is silent that any purchaser from Menefee investigated the title at the time of the respective purchases, or that any of them became concerned with the title until about the time this acreage was proving to be oil-producing lands.

With respect to constructive notice, if Bulowski had inquired from the grantees in the deeds then of record, he would not have been informed by Pulliam, Paine or Schenewerk that Hunley and McKay or either of them held or claimed an interest as they didn't know nor had they heard of such claims or deeds. The record is silent as to what knowledge Lawther, Menefee, W. H. Cousins or Sue Cousins may have had or could have given Bulowski at the time Bulowski made his purchase as they had died prior to the investigations that give rise to this suit. If Bulowski had inquired from Mrs. Menefee, he would have learned from her, according to her testimony which was admissible on the good faith or bona fide purchaser issue urged by Bulowski, that shortly after the Cousins had made their purchases, Mr. Cousins suffered a spell of illness along with a serious operation which taxed their financial resources so severely that they were unable to meet their pro rata part of the semi-annual payments to the Federal Land Bank. Further, according to Mrs. Menefee's testimony, the Cousins agreed to reconvey their interests to Menefee. Some of the evidence points to the fact that the Cousins executed a deed into Menefee prior to the deed dated May 3, 1939, but because of illness the alleged former deed was never delivered. The date of the alleged former deed out of the Cousins, if in fact it was executed, cannot be ascertained from the evidence. It was not found. The evidence is clear though that the deed of May 3, 1939, was made in compliance with the agreement to deed the land back because of the financial inability of the Cousins to meet the Land Bank payments.

■■ Grounded on the fact that Hunley's deed was not of record at the time Bulowski purchased and on the finding of

the jury to Special Issue No. 2 that Bulowski was an innocent purchaser for value, both recited in the decree, the court declared "that Bulowski and those holding under him now have a good title to said No. 7 undivided interest free and clear of any claim of Hunley and the other parties to this suit." Appellant attacks the submission of Special Issue No. 2, the jury's finding thereon and the foregoing decree based on this finding and asserts that as a matter of law Bulowski was not an innocent purchaser because he was charged with constructive notice of the seven deeds then of record which required further inquiry and which if pursued would have revealed that Menefee had theretofore conveyed off all his interest if not $\frac{9}{7}$ interests.

We think it unnecessary to dispose of above assault as urged by appellant for the reason that the application of the after acquired title doctrine will vest title in Bulowski.

When Menefee conveyed to Pulliam, Lawther, Sue Cousins, W. H. Cousins, Paine, Schenewerk in 1931 and Hunley in 1934, he passed a good title of a $\frac{1}{7}$ to each of them. Having received a good title on the respective dates shown, they are in no legal position to invoke the application of the after acquired title doctrine. McKay who may have invoked this doctrine was made whole by reason of Schenewerk's failure to timely file his 1931 deed. We therefore conclude that the title to the $\frac{2}{7}$ interests that Menefee acquired in 1939 from the Cousins vested $\frac{1}{7}$ in Geo. A. Schenewerk and $\frac{1}{7}$ in Joe Bulowski and wife, Martha. The rule or doctrine as to after acquired title may be stated as follows: "The rule most consistent with our system of laws upon this subject is that when one conveys land by warranty of title, or in such manner as to be estopped to dispute the title of his grantee, a title subsequently acquired to that land by the grantor will pass eo instanti to his warrantee, binding both the warrantor and his heirs and subsequent purchasers from either." Baldwin v. Root, 90 Tex. 546, 40 S.W. 3, 6; Caswell v. Llano Oil Co., 120 Tex. 139, 36 S.W.2d 208, 211.

Grounded upon above conclusions, the judgment is affirmed so far as it decrees a $\frac{1}{7}$ interest in Pulliam and those holding under him; a $\frac{1}{7}$ interest in Lawther and those holding under him; a $\frac{1}{7}$ interest each in Bulowski and McKay, and those holding under them, respectively; and the judgment is reversed as to the remaining interests and here rendered that Dr. Geo. A. Schenewerk and those holding under him are vested with a good title to $\frac{2}{7}$ interest; and L. L. Hunley and those holding under him are vested with a good title to a $\frac{1}{7}$ interest.

Affirmed in part and reversed and rendered in part.