**Affirmed and Memorandum Opinion filed December 7, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00299-CV

**BETTY C. BRITTON, Appellant**

**V.**

**KENNETH K. LAUGHLIN, Appellee**

**On Appeal from the 355th District Court
Hood County, Texas
Trial Court Cause No. C2018461**

## MEMORANDUM OPINION

This case is an appeal from a bench trial over competing claims regarding two land sales between the seller, appellant Betty C. Britton, and the buyer, appellee Kenneth K. Laughlin. In two issues, Britton contends that the trial court erred by (1) entering a take-nothing judgment on her claim for breach of a contract for deed and (2) awarding damages to Laughlin on his claim for breach of the covenant against encumbrances. We affirm.

# I.    BACKGROUND

Britton owned seventeen acres of land adjacent to Laughlin's property. Bank of America had a lien on five of those acres. Britton and Laughlin entered into two real estate transactions for Britton to sell tracts of her land to Laughlin. In the first deal in August 2013, Britton gave Laughlin a general warranty deed covering a six-acre tract of land secured by a vendor's lien. Laughlin paid off the lien in 2015 and obtained a release of the lien from Britton. Meanwhile, in October 2014, the parties entered into a second deal for Britton to sell 2.99 acres of her property under a contract for deed. As part of the contract, Laughlin agreed to pay Britton interest on a principal sum of $60,000 and to pay the principal by October 2018. Additionally, Laughlin agreed to "[p]ay monthly payments on [Britton]'s Bank of America note, account #[redacted], with the approximate balance of $115,000 for the real property that is a part of this Contract for Deed."

Laughlin intended to build a warehouse on the six-acre tract of land in late 2016 or early 2017. When he tried to get a loan and use the six-acre tract as collateral, however, he learned that the Bank of America lien extended onto part of the six-acre tract, and he could not get financing for the warehouse. When Britton refused to acknowledge that the Bank of America lien encumbered the six-acre tract that Laughlin purchased in the first deal, Laughlin stopped making payments to Britton on the $60,000 owed for the second deal; he continued to pay the Bank of America note. By the time of trial, the total amount due on the Bank of America note was $98,885.06.

Britton sued Laughlin, serving a "petition for judicial foreclosure." She sought relief as follows: "Plaintiff requests Defendant appear and answer, and that upon hearing the Court a judgment [sic] declaring that the Defendant defaulted

under the contract and allowing foreclosure of the Defendant's interest in the property."

Laughlin counterclaimed and sought damages for Britton's "failing to convey real property free and clear" from the Bank of America lien on the six-acre tract. Britton filed a trial brief, arguing that Laughlin's claim was one for breach of the covenant against encumbrances, and Laughlin's "damages should be measured as the cost of removing the incumbrance."

At trial, Laughlin agreed that his measure of damages was the amount to remove the encumbrance on the property: the total amount due on the Bank of America note, i.e., $98,885.06. He also moved for a judgment—in writing and orally—on Britton's foreclosure claim because Britton failed to prove that she had a lien on the 2.99-acre tract. Laughlin argued that Britton held "both equitable and legal title to the 2.99 acres," and she did not have a lien on the property "because she owns it." At trial, Britton did not request any damages on her claim; she argued that she was "entitled to foreclose on the property."[1] She argued that Laughlin sustained no damages for breach of the covenant against encumbrances because Laughlin subsequently "assumed the encumbrance" by agreeing to pay the Bank of America note in the second deal for the 2.99 acres.

The trial court signed a final judgment ordering that Britton take nothing on her claim and that Laughlin recover from Britton $98,885.06 in damages, interest, court costs, and attorney's fees. Britton appeals.

---

[1] Britton also asked the trial court to appoint a receiver to "sell all of these tracts and apportion the money out."

3

## II.   BRITTON'S CLAIM

In her first issue, Britton contends that the "evidence established that [Laughlin] breached the contract for deed, and the court erred in not canceling the contract and forfeiting [Laughlin's] interest in the property."

Britton's petition requested "foreclosure" of the 2.99-acre tract, not a declaration "canceling the contract" or "forfeiting" Laughlin's interest in the property.  And Britton has not identified what "interest" Laughlin holds in the property.  "A contract for deed, unlike a typical secured transaction involving a deed of trust, is a financing arrangement that allows the seller to maintain title to the property until the buyer has paid for the property in full." *Morton v. Nguyen*, 412 S.W.3d 506, 509–10 (Tex. 2013); *see also Flores v. Millennium Interests, Ltd.*, 185 S.W.3d 427, 429 (Tex. 2005).  To foreclose on a property, however, the plaintiff must show the existence of a deed of trust, among other things.  *See Chalker v. Nationstar Mortg., LLC*, No. 02-17-0025-CV, 2018 WL 4140739, at *4 (Tex. App.—Fort Worth Aug. 30, 2018, pet. struck) (mem. op.).  Britton has made no argument, either to the trial court or on appeal, how she could foreclose on a property for which she holds title and no deed of trust.

A trial court's judgment must conform to the pleadings, *see* Tex. R. Civ. P. 301, and a trial court cannot render a judgment on a theory of recovery not sufficiently set forth in the pleadings or otherwise tried by consent.  *Herrington v. Sandcastle Condo. Ass'n*, 222 S.W.3d 99, 102 (Tex. App.—Houston [14th Dist.] 2006, no pet.).  Britton suggests in her reply brief that her case was "simply a suit on a note" and she "should have been allowed to enforce the remedies set out in the contract" because "all issues in the case were tried by consent."  But she cites to no authority or parts of the record to support her argument that Laughlin had any interest in the property or that "forfeiture" was tried by consent.  Accordingly, she

4

waived the trial-by-consent argument. *See Gunn v. McCoy*, 554 S.W.3d 645, 677 (Tex. 2018) ("Every issue presented by a party must be supported by argument and authorities in the party's brief on the merits, or it is waived."); *Lujan v. Navistar, Inc.*, No. 14-14-00345-CV, 2021 WL 56184, at *4 (Tex. App.—Houston [14th Dist.] Jan. 7, 2021, pet. denied) (mem. op.) (party waived argument that issues were tried by consent by failing to cite to any authority in support of argument).

Britton's first issue is overruled.

### III.   LAUGHLIN'S CLAIM

In her second issue, Britton contends that the trial court erred by awarding damages to Laughlin for Britton's breach of the covenant against encumbrances in the first land deal because Laughlin assumed payment of the mortgage in the second deal.

The covenant against encumbrances includes the duty of the seller to pay off and discharge all liens incurred prior to the conveyance that are not assumed by the buyer. *City of Beaumont v. Moore*, 146 Tex. 46, 53–54 (1947). The covenant is breached upon the execution and delivery of the deed, though damages may not arise until a later date. *Id.*

Laughlin's agreement to pay the Bank of America note was not part of the agreement for the purchase of the six-acre tract of land. Thus, Laughlin did not take the six-acre tract "subject to [the encumbrance] and with agreement to discharge it himself." *See Robinson v. Douthit*, 64 Tex. 101, 106 (1885). Britton does not challenge the trial court's implied finding that she breached the covenant upon execution and delivery of the deed to Laughlin. A subsequent assumption of a lien by the buyer of encumbered property is, if evidence of anything, evidence that the buyer has incurred damages. *See Thomas v. Ellison*, 102 Tex. 354, 356

5

(1909) (reasoning that the buyer did not have a claim for breach of the warranty against encumbrances "until he had either paid them, or substituted himself" as the lien-holder's debtor).

Accordingly, Britton has not shown that Laughlin's subsequent agreement with Britton to pay the Bank of America note negates damages resulting from the breach of the covenant against encumbrances. Her second issue is overruled.

## IV. CONCLUSION

Having overruled both of Britton's issues, we affirm the trial court's judgment.


/s/    Ken Wise
       Justice


Panel consists of Justices Wise, Bourliot, and Zimmerer.