**PLEMONS INDEPENDENT SCHOOL DIST. et al. v. STINNETT INDEPENDENT SCHOOL DIST. et al.**

No. 3710.

Court of Civil Appeals of Texas. Amarillo.

Jan. 27, 1932.

Rehearing Denied Feb. 24, 1932.

Norman Coffee of Stinnett, and Perry S. Pearson, of Amarillo, for appellants.

Lackey & Lackey, of Stinnett, and Jos. H. Aynesworth (of Borger, Stone & Guleke) and Sanders & Scott, all of Amarillo, and David W. Stephens, of Fort Worth, for appellees.

JACKSON, J.

The Chicago, Rock Island & Gulf Railway Company, plaintiff in cause No. 1867; the Gulf Production Company and the Panhandle Refining Company, plaintiffs in cause No. 1868; N. H. Martin, W. B. Hamilton, J. J. Perkins, and George H. Martin, plaintiffs in cause No. 1870, instituted their respective suits in the district court of Hutchinson county, Tex., against the defendants, the Plemons Independent School District and the Stinnett Independent School District, to have the court determine to which of said districts the plaintiffs should pay the school taxes, each district having levied taxes on certain property owned by the different plaintiffs.

The defendants answered, and as the suits involved the same questions, upon agreement of all the parties the court ordered that the three suits be consolidated. No question concerning the disposition of the rights of the plaintiffs by the judgment of the court is involved in this appeal. In the trial of the consolidated case, the issues between the defendants resolved themselves into a controversy as to the authority of the county board of school trustees to detach territory from the Plemons independent school district and the validity of the order so detaching said territory and attaching it to the Stinnett independ-

ent school district. On a hearing before the court, after a disposition of the rights of the different plaintiffs by the decree, the court entered judgment that the Stinnett independent school district have and recover against the Plemons independent school district the detached territory and the control and jurisdiction thereof, from which judgment the Plemons independent school district prosecutes this appeal.

The record shows that each of said independent school districts had been legally created and organized and functioned as separate independent school districts, with a common boundary line dividing their respective territories; that on February 28, 1930, the board of county school trustees of Hutchinson county, after being duly petitioned so to do, entered its order detaching certain territory from the Plemons independent school district and attaching said territory to the Stinnett independent school district, by which order the territory of the Stinnett independent school district was extended and the territory of the Plemons independent school district was diminished; that each district had levied taxes on the property situated in the detached territory; that plaintiffs owned property in said territory on which each district had levied school taxes; and it is conceded that the plaintiffs owed taxes on their respective property situated in the detached territory to but one of said school districts.

The Plemons independent school district, by proper assignments, contends that the board of county school trustees was without authority to make said order, and that such order is invalid, and that the detached territory and the property therein are still under its control and jurisdiction, as provided in the original act by which said district was created.

The Stinnett independent school district maintains that the board of county school trustees had authority to make the order and that such order was valid, and that if not valid as originally made, it had been validated by article 2742i, Vernon's Ann. Civ. St.

It is agreed that a petition was filed with the board of county school trustees on February 20, 1930, asking that the board detach certain territory described in the petition from the Plemons independent school district and attach said territory to the Stinnett independent school district.

That on February 28th thereafter, said board of county school trustees acted upon said petition and entered its order which, among other things, recites:

"And it appearing that said petition was duly signed by a majority of the voters residing in the territory sought to be changed and detached from the Plemons Independent School District and attached to the Stinnett Independent School District, as required by law, and it further appearing that said territory to be detached is not more than ten per cent of the entire territory of the Plemons Independent School District and still leaves said Plemons Independent School District with more than nine square miles and even more than one hundred square miles and that said petition has been approved by a majority of the school trustees of the Stinnett Independent School District, the same being the district to which the said territory is to be added and attached, and believing that it will be of and to the best interest of the schools and districts affected and the children residing in said territory and it further appearing that we are required by law to make the change under the circumstances as hereinbefore set out. * * *

"It is now ordered that the following described territory be detached from the Plemons Independent School District and attached to the Stinnett Independent School District, which is more particularly described by metes and bounds as follows, to-wit."

Then follows a description of the detached territory and an order adjusting the bonded indebtedness of the two districts, and a description of the territory of the Stinnett independent school district, including the territory detached from the Plemons independent school district, and that the boundary lines of the Plemons independent school district shall be the same as they had been before the order of the board, except as to the change occasioned by the detaching of said territory.

It will be noted that this order did not attempt to create a new independent school district, nor to destroy the Plemons independent school district, but only sought to extend the territory of the Stinnett independent school district by detaching certain territory from the Plemons independent school district.

Article 2766, R. C. S., provides that "The commissioners court of any county shall have the authority to change the boundaries of any independent district incorporated for free school purposes only, situated in said county, when in the judgment of said court the public good demands such change," and provides the procedure for making such change.

Article 2681, R. C. S., among other things, provides that: "The county school trustees are authorized to exercise the authority heretofore vested in the commissioners court with respect to subdividing the county into school districts, and making changes in school district lines."

Article 2729a, Vernon's Ann. Civ. St., also stipulates that "The county school trustees of any organized county are authorized to exercise the authority heretofore vested in the Commissioners' Court with respect to subdividing the county into school districts and making changes in school district lines."

By an act of the 41st Legislature (1929), First Called Session, chapter 47, page 106, it is provided, in substance, that the board of county school trustees shall have authority, when petitioned as therein provided, to detach from and annex to any school district, territory contiguous to the common boundary line of the two districts, and sets out the procedure to be followed by the board of county school trustees in detaching and annexing such territory.

This procedure was followed by the board of county school trustees of Hutchinson county, Tex., in detaching the territory from the Plemons independent school district and annexing it to the Stinnett independent school district, as disclosed by the recitations of the order of the board of county school trustees and the approval thereof by the judgment of the district court. In our opinion, said board of county school trustees had the authority to pass the order detaching the territory from the Plemons independent school district and annexing it to the Stinnett independent school district, and that such order was valid.

■ The appellant presents as error the action of the trial court in overruling its contention to the effect that the Stinnett independent school district should be required, before judgment could be rendered, to make the members of said board of county school trustees parties to this suit. Both school districts were legally created and organized and existing as quasi municipal corporations, and the law authorizes such districts, except where the creation, organization, or existence of such district is attacked by a quo warranto proceeding, to sue and be sued in their own name, and, even where the existence of such school district is attacked by a quo warranto and the state is a party, the school district whose existence is attacked is authorized to defend the suit. Hence, in our opinion, the members of the county school board making the order were not necessary parties to this suit.

■ The appellant presents as fundamental error the action of the court in refusing to require the Stinnett independent school district to make the state of Texas a party to the suit, because said Stinnett district was making an attack upon the creation and validity of the Plemons independent school district.

The appellant attacked the order of the board of county school trustees detaching the territory and annexing it to the Stinnett independent school district and prayed that all such acts and proceedings of said board be held and adjudged by the court to be null and void.

It will be noted that appellee did not attack the validity or existence of the Plemons independent school district, but appeared and answered, maintaining that the action of the county school board in extending the territory of the Stinnett independent school district was authorized, and that the action of said board was legal and valid. This the appellee would have been authorized to do had the state of Texas been a party to the suit attacking the authority of and the legality of the action of the county school board, and appellant is not in a position to urge that, before the appellee could defend the action of the county school board, it should be required to make the state of Texas a party (which it could not do without the state's consent) or to institute quo warranto proceedings.

The Commission of Appeals in Kuhn v. City of Yoakum, 6 S.W.(2d) 91, says: "The rule has not been deviated from in this state that the validity of an extension of territory of a city or school district can only be attacked by a direct suit in the nature of a quo warranto by the state, or in a proceeding in which the state is a party."

In order to attack the authority of the county school board and the validity of its order detaching the territory from the Plemons independent school district and annexing it to the Stinnett independent school district, the action should have been in the nature of a quo warranto by the state, and, in order for the appellant to make such attack, the state should have been made a party, but the appellee was not required, in order to defend the validity of the action of such board, to institute a quo warranto or make the state a party.

■ The appellant assigns as error the action of the trial court in decreeing appellee in his judgment control and jurisdiction over the territory described in an order made by the board of county school trustees on May 8, 1928, by which order the territory therein described was detached from the Plemons independent school district and annexed to the Stinnett independent school district, because said order had been adjudged null and void by a court of competent jurisdiction, and said judgment had been affirmed by this court and become final.

The record discloses that on May 8, 1928, the board of county school trustees made an order detaching certain territory from the Plemons independent school district and annexing it to the Stinnett independent school district, which order had been held null and void by the courts and the judgment had become final, and that in the instant case the judgment of the court decreed to the Stinnett independent school district control and jurisdiction over said territory.

It is agreed by appellant and appellee that the territory involved in this suit is correctly described in the order entered by the board of county school trustees on February 28, 1930, and the order of May 8, 1928. Each

order describes a different territory, and this assignment of appellant is sustained.

The appellant challenges as error the action of the court in overruling its exceptions to the pleadings of appellee alleging that if the order of the board of county school trustees made on February 28, 1930, was originally invalid, such order had been validated by the 41st Legislature, Fourth Called Session (chapter 40, § 1), article 2742i, Vernon's Ann. Civ. St. Appellant's contention is that the caption of the validating act is not sufficient to cover the part of the statute which authorizes the board of county school trustees to increase or decrease the area of school districts.

If we are correct in holding that the board of county school trustees had the authority to pass the order of February 28, 1930, and that such order is valid and that the court committed error in adjudging to the Stinnett independent school district control and jurisdiction over the territory described in the order of May 8, 1928, because such order had been adjudged to be null and void, this contention of appellant is immaterial, and it is unnecessary to pass on this assignment.

The judgment of the trial court is reformed so as to eliminate therefrom the territory attempted to be detached from the Plemons independent school district and annexed to the Stinnett independent school district by the order of the school board dated May 8, 1928, and, as so reformed, is hereby affirmed, adjudging and decreeing to the Stinnett independent school district management, control, and jurisdiction over the territory described in the order of the board of county school trustees of date February 28, 1930.

The judgment is reformed and affirmed.