**812**

PLEMMONS INDEPENDENT SCHOOL
DIST. et al. v. STINNETT INDE-
PENDENT SCHOOL DIST. et al.
No. 1421–6178.

Commission of Appeals of Texas, Section B.
May 3, 1933.

Perry S. Pearson, of Amarillo, and Norman Coffee, of Stinnett, for plaintiffs in error.

Lackey & Lackey, of Stinnett, Aynesworth & Aynesworth, of Borger, Stone & Guleke and Sanders & Scott, all of Amarillo, and David W. Stephens, of Fort Worth, for defendants in error.

LEDDY, Judge.

Several taxpayers brought separate suits in the nature of bills of interpleader in the district court of Hutchinson county against plaintiffs in error Plemmons Independent School District and its officers, and the defendants in error Stinnett Independent School District and its officers. In these suits it was alleged that each of said districts was attempting to collect school taxes for the year 1930 upon certain property owned by the plaintiffs. The relief sought was that the two districts be required to answer and show which of them was entitled to assess, levy, and collect taxes against plaintiffs' property for said year. They tendered into court the amount of the taxes averred to be due and prayed to be discharged with their costs.

By proper order these suits were consolidated and the pleadings filed were as in a single suit. For convenience the plaintiff in error will hereinafter be referred to as the Plemmons District and defendant in error as the Stinnett District.

The Plemmons District by its answer averred its right to the taxes tendered by the plaintiffs in the several suits by virtue of its incorporation as a school district by a legislative act, which disclosed that its boundaries included the property owned by those filing the interpleader suits.

The Stinnett District answered, claiming to be entitled to the taxes involved by reason of certain proceedings of the county board of school trustees of Hutchinson county, in which the lands described in the interpleader suits were, on February 28, 1930, detached from the original territory of the Plemmons District and attached to the Stinnett District.

It further answered to the effect that if the proceeding by which said territory was detached from the former district and attached to it was for any reason irregular or invalid, the same was validated by the provisions of article 2742i, Vernon's Ann. Civ. St. (Acts 1930, p. 79, c. 40, § 1).

It also pleaded that on May 28, 1928, by valid order of the board of county school trustees, there was detached certain other territory from said Plemmons District and attached to its district, and that by reason of the enactment of the validating act aforesaid the annexation of said territory was in all things validated, and it asked the court to so decree.

By supplemental petition the Plemmons District attacked the validity of the proceedings by which the board of county school trustees detached its territory and attached it to the Stinnett District by order dated February 28, 1930, on the ground that the petition for annexation of said territory, upon which the order of the county board of school trustees was based, did not contain a majority of the qualified voters residing in said district as is required by law.

In reply to the Stinnett District's plea that the territory annexed by order of the county board of school trustees on May 28, 1928, be decreed as a part of its district, the Plem-

mons District pleaded that said annexation proceedings had been declared void in a quo warranto proceeding, duly brought in the district court of Hutchinson county, which judgment had been affirmed by the Court of Civil Appeals. It pleaded said final judgment as res judicata of the claim of the Stinnett District to said territory.

It was also averred by the Plemmons District in its supplemental petition that the validating act set up by the Stinnett District did not cure any irregularity in the annexation of said territory under the order of February 28, 1930, because said act was passed by the Legislature on the 18th day of February, 1930, became effective as a law on March 10, 1930, and the proceedings alleged as having been cured by said act were had on February 28, 1930, which was after the date of the passage of the validating act. It was further averred that said act did not operate to validate the annexation of territory under either of the orders of the board of county school trustees because the enacting clause thereof was not legally sufficient to support that part of the act attempting to validate proceedings detaching territory from one district and attaching it to another.

The case was tried by the court without a jury. Judgment was rendered awarding the taxes involved to the Stinnett District, and determining that the annexation by it of said territory on February 28, 1930, was in all things valid. The court also adjudged that the territory annexed to the Stinnett District by order of the board of county school trustees on May 28, 1928, was, by reason of the enactment of the validating act, legally made a part of said district.

Upon appeal to the Court of Civil Appeals that court sustained defendant in error Plemmons District's plea of res judicata, as against the effort of the Stinnett District to have declared valid the annexation of territory had on May 28, 1928. It reformed the judgment of the district court wherein it adjudicated said annexed territory as validly a part of the Stinnett District, and, as so reformed, the judgment of the trial court was affirmed [46 S.W.(2d) 734].

Each school district involved in this case insists that the other is making a collateral attack upon the validity of its incorporation, and that no such attack can be made except in a proceeding by quo warranto or one in which the state is a party.

■ The Stinnett District has made no attack upon the validity of the Plemmons District, either as it existed prior to the annexation or subsequent thereto. It does not contend that said district as it formerly existed was not a valid incorporation, nor does it claim that since said territory has been detached therefrom the district with its present territory is not a valid incorporation. The Stinnett District is but affirming the validity of its own incorporation. This it has a clear right to do in any character of legal proceeding.

The Plemmons District, however, does attack the validity of the Stinnett District as it is now constituted. It asserts that said district with its present boundaries is illegal, in that the annexation of the additional territory is invalid, and it seeks to have the court so declare. In fact, the Plemmons District's right to the taxes involved can be determined only by its establishing the invalidity of the annexation proceedings, by which the Stinnett District included the properties of the interpleading plaintiffs within its boundaries.

■ The rule in this state is settled that the validity of an extension of territory by a city or school district can be assailed only in a proceeding in the nature of a quo warranto or one to which the state is a party. Crabb v. Celeste Independent School District, 105 Tex. 194, 197, 146 S. W. 528, 39 L. R. A. (N. S.) 601, Ann. Cas. 1915B, 1146; Brennan et al. v. City of Weatherford, 53 Tex. 330, 37 Am. Rep. 758; City of El Paso v. Ruckman, 92 Tex. 86, 46 S. W. 25; Kuhn v. City of Yoakum (Tex. Com. App.) 6 S.W.(2d) 91.

■ The Stinnett District insists that the Court of Civil Appeals erred in holding that the judgment in the quo warranto proceeding was res judicata of its claim that there was a valid annexation of territory to its district from the Plemmons District under the order of May 28, 1928, of the board of county school trustees.

The Stinnett District filed no application for writ of error in which it complained of the reformation of the judgment of the trial court by the Court of Civil Appeals. For this reason that portion of the judgment has become final, and is not now subject to review by this court.

■ Our holding that the Plemmons District cannot assail the validity of the annexation proceedings of date February 28, 1930, in this character of suit, renders it unnecessary to discuss the constitutionality of the validating act or to determine its effect upon such proceedings.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, Chief Justice.

The judgment of the Court of Civil Appeals affirmed as recommended by the Commission of Appeals.