**FARMERS ROYALTY HOLDING CO. et al. v. HAHN et ux.**

No. 11683.

Court of Civil Appeals of Texas. Galveston.

Feb. 1, 1945.

Rehearing Denied March 29, 1945.

Hollis Massey, of Columbus, for appellants.

W. I. Hill, of Bellville, for appellees.

MONTEITH, Chief Justice.

This action was brought by appellants, Farmers Royalty Holding Company et al., in statutory form of trespass to try title, for the recovery from appellees, Otto Hahn and wife, of an undivided 1/2 interest in the mineral estate in a tract of 173 acres of land situated in Austin County. By supplemental petition appellants pled that they were entitled to recover the mineral interests in said land under the after-acquired title rule.

Appellees answered by general denial and plea of not guilty and other defense pleas.

In a trial before the court without a jury judgment was rendered in favor of appellees and against appellants. No findings of fact or conclusions of law were filed by the trial court.

The material facts in the case are undisputed. Appellants offered only record evidence on the trial, to which no objection was urged, and no evidence was offered by appellees.

The record shows that by deed dated November 6, 1923, Emil Kretzschmar and wife conveyed the land in controversy to Otto Hahn and wife, retaining a vendor's lien in said deed to secure the payment of a purchase-money note for the sum of $2,000. By deed dated December 1, 1931, Otto Hahn and wife conveyed a 3/8 undivided interest in the mineral estate in said land to Farmers Royalty Holding Company and an undivided 1/8 mineral interest therein to G. E. Blankenship, both of said deeds containing covenants of general warranty. On June 29, 1934, appellees, Otto Hahn and wife, filed suit in the district court of Austin County to cancel said deeds and an agreed judgment was entered in said suit, fixing and establishing both deeds as valid and subsisting. In 1936, Emil Kretzschmar, the owner and holder of the balance due on said purchase-money note for the sum of $2,000, filed suit in the district court of Austin County to foreclose the vendor's lien against said land and to remove cloud on the title thereto, because of the claims of the Farmers Royalty Holding Company and Blankenship under their mineral deeds from Hahn and wife, and on June 9, 1936, judgment was rendered in the foreclosure suit foreclosing the lien as against all defendants and removing cloud from his title by reason of the claims of appellants. Kretzschmar purchased the premises at the foreclosure sale on August 4, 1936, and on November 19, 1936, he conveyed the land in controversy to Otto Hahn for a recited consideration of $5,000.

Two questions of law are presented in this appeal: (1) Whether the after-acquired title rule is applicable to the facts as shown by the record; and (2) whether the judgment entered in the foreclosure suit, in which appellees and their warrantees were parties, was sufficient to estop warrantees from claiming an after acquired title.

It is the settled law in this state that "when one conveys land by warranty of title, or in such manner as to be estopped to dispute the title of his grantee, a title subsequently acquired to that land by the grantor will pass eo instante to his warrantee, binding both the warrantor and his heirs and subsequent purchasers from either." Caswell v. Llano Oil Co., 120 Tex. 139, 36 S.W.2d 208, 211; Farmers Royalty Holding Co. v. Cherry, Tex.Civ.App., 142 S.W.2d 255, affirmed by Supreme Court in Cherry v. Farmers Royalty Holding Co., 138 Tex. 576, 160 S.W.2d 908; Baldwin v. Root, 90 Tex. 546, 553, 40 S.W. 3; 45 T.J. 249, 250; 21 T.J. 23; 12 T.J. 12–57.

In the case of Cherry v. Farmers Royalty Holding Co., supra, the court in its opinion, quoting with approval from Freeman on Judgments, 5th Ed., Vol. 2, Sec. 714, says [160 S.W.2d 910]: " * * * So where a party plaintiff claiming title through his predecessor under a warranty deed, fails because of the invalidity of a deed to his predecessor, the subsequent acquirement of title by the latter inures to the plaintiff's benefit by virtue of the warranty and may be the basis of a new action by him."

The facts in the instant case are almost identical with the facts in the cases of Cherry v. Farmers Royalty Holding Company and Caswell v. Llano Oil Company, supra, with the exception of the fact that in the instant case an agreed judgment was entered in a suit filed by appellees, Otto Hahn and wife, for cancellation of their mineral deeds conveying the land in controversy to Farmers Royalty Holding Company and Blankenship fixing and defining the interests of both appellants and appellees in said land, prior to the foreclosure sale under which both appellants and appellees were divested of their interest therein; while in the cited cases there had been no change in the title of the warranties prior to their divestiture of title by foreclosure judgment in the Caswell case and by judgment in trespass to try title in the Cherry case.

In its opinion in the case of Cherry v. Farmers Royalty Holding Co., supra, the court in its opinion said: "The only material difference between the instant case and the case of Caswell v. Llano Oil Company, supra, relative to the question under review lies in the fact that in the Caswell case title was divested out of the warrantors and warrantees through a foreclosure sale under the powers contained in a deed of trust executed as further security for the vendor's lien notes, while in this case divestiture was accomplished by means of a judgment in an action of trespass to try title. No reason is perceived for ·attaching different consequences to the two methods of divestiture. The material fact is that the title of the warrantees has failed."

■ In the instant case the title of both appellants and appellees to the land in controversy was divested through a foreclosure sale, as in the case of Caswell v. Llano Oil Company, referred to by the court in its opinion in the Cherry case. As stated in said opinion, we see no reason for questioning the method by which appellants were divested of their title, in the absence of a showing that their warranties had been extinguished. The material fact is that the title of the warrantees had failed and the warrantors, appellees herein, had subsequently acquired title to the land.

The judgment of the trial court is reversed and judgment is here rendered in favor of appellants.

Reversed and rendered.

GRAVES, Justice (dissenting).

Since the facts and the questions of law under review in this case are similar in all material respects to those in Farmers Royalty Holding .Company et al. v. Charles Kulow et al., 186 S.W.2d 318, this day decided by this court, the dissenting opinion in the Kulow cause may serve the office of a like opinion in this cause.