**CROSBY v. CITY OF EL PASO et al.**

No. 4471.

Court of Civil Appeals of Texas. El Paso.
July 18, 1946.

Rehearing Denied Sept. 19, 1946.

John T. Hill, of El Paso, for appellant.

Travis White, City Atty., and Ernest Guinn, Co. Atty., both of El Paso, for appellees.

PRICE, Chief Justice.

This is an appeal from a judgment of the District Court of El Paso County, Texas, 65th Judicial District, in cause numbered 57,277 on the docket of that court, entitled Crosby v. The City of El Paso et al. Mrs. Crosby was plaintiff and the City of El Paso, County of El Paso, Allan G. Falby, Sheriff, and J. P. McGrath were defendants. Plaintiff sought to recover the title and possession of lots 3 and the south one and one-half feet of lot 4 in block 262, Campbell's Addition to the city of El Paso. Trial was to the court without a jury. The judgment was that plaintiff take nothing. She has duly perfected this appeal.

There is no statement of facts, but in the transcript are the findings of fact and conclusions of law by the trial court made on the motion of appellant.

It appears that prior to December 10, 1937, in case No. 44,862 in the district court of El Paso County, Texas, 41st Judicial district, the appellee taxing units here and the State of Texas recovered a judgment against Mrs. Crosby, appellant here, for taxes with foreclosure of lien for same on the property in controversy here. This judgment was never appealed from, and became final. December 10, 1937, at a sale conducted in pursuance of an order of sale duly issued on said judgment, one of the taxing units bid in the property and same was deeded to it by the Sheriff.

Thereafter, appellant filed suit No. 47,464 on the docket of the district court of El Paso County, Texas, 65th Judicial District. In that case the taxing units, appellees here, were defendants. Judgment was rendered therein October 23, 1940, and was in favor of appellant here that she recover the title and possession of the property in controversy. Appeal was perfected to this court, but on agreement of the parties the judg-

ment was affirmed. With reference to said cause No. 47,960, the finding of fact here is that the issue there tried was as to whether or not notice had been given to appellant before the tax sale and as to the value of the property.

On September 30, 1941, the taxing units, plaintiffs in cause No. 44,862 in the 41st Judicial District (this is the tax foreclosure judgment), filed a motion for an alias order of sale. Appellant here appeared and contested said motion. Among other things she plead the judgment rendered in said cause No. 47,960 in the 65th Judicial District as debarring the appellee from obtaining the alias order of sale. Judgment was in favor of the taxing units and alias order of sale was ordered issued. No appeal was perfected from that order. Alias order of sale issued and on March 3, 1942, the city of El Paso bid in the property for itself and as trustee for the other taxing units. The period of redemption had expired when the instant suit was filed.

Among conclusions of the trial court was that the sale of March 3, 1942, was in all respects valid, and appellant no longer had any title to the property.

Appellees here plead that the order made in cause No. 44,862, 41st Judicial District, awarding the alias order of sale, was res adjudicata as to matters arising in this cause. Appellant, as before stated, plead the judgment in cause No. 47,960 as debarring appellee's right to recover here.

The finding of the trial court here was that recovery was awarded appellant here in case No. 47,960 on account of the invalidity of the first sale in cause No. 44,862. This invalidity not from any want of validity or legality in the judgment, but on account of the irregularity in the manner of conducting the first sale. Of course without a valid foreclosure sale the title and possession remained in appellant. Judgment awarding her such title and possession on account of the invalidity of the sale could have no effect on the judgment under which the order issued. No attack was made on the judgment, but only on the order of sale. This was the finding of the trial court and was no doubt amply supported by the record. In any event, we are bound

to so assume. In fact, unless the fore-
closure judgment was void the 65th District
Court could not set aside the judgment of
the 41st District. The judgment in cause
No. 47,960 had the effect of decreeing the
first sale ineffective, but in no way barred
the appellee taxing units from asserting
title here under the second sale.

The title here asserted arose after the
date of the judgment in No. 47,960, and so
could not have been there adjudicated. It
arose by virtue of the sale under the alias
order of sale. An adverse judgment does
not debar the assertion in a subsequent suit
of an after acquired title. 26 Tex.Jur. p. 62,
par. 376; Connolly v. Hammond, 51 Tex.
635; Codley Lbr. Co. v. Slaughter Co.,
Tex.Civ.App., 202 S.W. 801 (W.Ref.);
Cherry v. Farmers Royalty Holding Co.,
138 Tex. 576, 160 S.W.2d 908.

The validity of the second sale could not
have been determined in the first suit as it
had not been made at the time of the trial
thereof. Davis v. First Nat. Bank of Waco,
139 Tex. 36, 161 S.W.2d 467, 144 A.L.R. 1.

The trial court found the second sale alias
order in all respects regular and valid. The
period of the judgment having expired,
appellant was not entitled to recover the ti-
tle and possession of the property.