the Court of Civil Appeals should be reversed, and the judgment of the trial court should be affirmed.

TAYLOR, J., joins in this opinion.

HICKMAN, C.J., agrees with it in large part, but regards the question, as between the defendants, as one of contribution, as held by the Court of Civil Appeals.

**FRELS et ux. v. SCHUETTE et al.**

No. 12108.

Court of Civil Appeals of Texas. Galveston.

July 14, 1949.

Rehearing Denied. Sept. 29, 1949.

G. F. Steger, Columbus, for appellants.

Massey & Hodges, Columbus, for appellees R. A. Welch, Fidelity Co. and Mound Co.

G. H. Miller and John A. Hancher, Columbus, for appellees Schuette and wife.

Samuel H. Peak, Houston, for appellee Howard.

GRAVES, Justice.

This is a suit in trespass to try title to an undivided one-half ($\frac{1}{2}$) interest in the mineral fee estate in 206.4 acres of land in the Frederick Zimmerscheild League, Abstract 629, in Colorado County, Texas. The suit was instituted by C. W. Frels and wife, Vlasta Frels, as plaintiffs, who are the appellants here, in the District Court of Colorado County, Texas, on August 20, 1948, against Peter R. Schuette et al., as defendants, who are the appellees here.

A jury was waived, and the cause was submitted to the court upon a stipulation of facts, on February 28th—March 1st, 1949, at which time the court heard the evidence, as incorporated in the stipulation, and the argument of counsel, and withheld his judgment pending the submission of briefs of the law by counsel for the parties. Judgment was entered on March 21, 1949, in favor of the appellees, decreeing that appellants had no title to the $\frac{1}{2}$ mineral interest they sued for.

Appellants inveigh in this Court against the determination so adverse to them below upon points of error, which may be cut down to this substantial purport, to-wit:

First: The reservation of one-half interest in the mineral fee estate by Mrs. Margaret Frels, in her deed of 1919, effectually severed that portion of the mineral fee estate from the surface and other constituents, and created two separate and distinct estates, each having all the inci-

dents and attributes of an estate in land; the minerals in place were thus severed from the residue of the soil and the land divided into two tracts, just as if the division had been made by superficial lines, or vertically by horizontal planes.

Second: The reservation of the one-half mineral interest in the Mrs. Margaret Frels deed of 1919 created an estate of freehold in C. W. Frels and Vlasta Frels, her named grantees, to commence in futuro, upon the death of Mrs. Margaret Frels, the vesting thereof conditioned upon her death; and said condition named as precedent to the vesting of said estate had not occurred when appellants executed the deed to Meyer in 1927, with which knowledge Meyer was charged at the time.

Third: The record of a deed reserving the minerals under the tract conveyed is constructive notice that the title to minerals was vested in the grantor; and one who claims land under a chain of title derived from the state, has constructive notice of every fact disclosed by the chain of title, including constructive knowledge of a reservation of mineral rights in a deed to a remote grantor; and, as a matter of law, Joseph D. Meyer was charged with knowledge that C. W. Frels and Vlasta Frels did not own the undivided one-half interest in these minerals when they executed their deed to him on November 1, 1927.

Fourth: The doctrine of estoppel and after-acquired title is based solely upon an implied misrepresentation made by the grantor in a warranty deed to the grantee; and there can be no estoppel when the grantee has full knowledge of all the facts, and of the condition of the title.

Sixth: (Applicable to appellees Peter R. Schuette, Cecil Schuette, and Rowan Howard.) Pleas of general denial and not guilty put all facts in issue as alleged by plaintiff, but a defendant cannot avoid the legal consequences of such facts, unless he pleads the matters in avoidance on which he relies; in pleading to a preceding pleading, a party shall set forth affirmatively, estoppel, and any other matter constituting an avoidance or affirmative defense; whether leave of the court is had or not, a motion by a party to amend his pleadings comes too late, after the case has been submitted to the court.

The appellees' counter-points to appellants' stated presentments on the law were, in substance, these:

"First: The unqualified warranty deed from appellants to Meyer conveyed to Meyer whatever interest appellants then owned in the minerals in dispute, and also conveyed any title which appellants may have afterward acquired on the death of Mrs. Margaret Frels.

"Second: Appellants having assumed to convey to Meyer the mineral-estate in dispute, it is no answer for them to say now that Meyer had constructive notice of the mineral-reservation contained in the deed from Mrs. Margaret Frels to appellants.

"Third: Whatever title appellants acquired on the death of Mrs. Margaret Frels passed eo instanti to the warrantees of appellants, and it was not necessary to invoke the principle of estoppel by affirmative pleadings."

The stipulation of the agreed facts, upon which evidence alone the trial court so acted, is too long for a full quotation here; but, since there is no controversy between the parties upon either the detailed facts in toto underlying the controversy, or upon the controlling features therefrom, which, it is thought, will determine the merits, one way or the other, of their several contentions as to the law upon this appeal, only what are deemed to be such controlling facts will be undertaken to be stated.

Mrs. Margaret Frels was the common source of title between the parties to the suit of the one-half interest in the minerals under the 206 acres. On July 14 of 1919, being then the owner of the 206 acres in fee, she, by absolute deed, conveyed the same to the appellants, C. W. and Vlasta Frels, under the following reservation as affected any potential minerals therein, to-wit: "Out of the above conveyance, it is hereby agreed that a one-half interest in any oil, gas or other minerals found on the above land is hereby retained by the

said Mrs. Margaret Frels during her lifetime, after which however, the said oil, gas and other mineral rights shall belong unto the said C. W. Frels and wife, Vlasta Frels."

Thereafter, on November 1 of 1927, such appellants conveyed the 206 acres likewise not only by deed absolute, but by a covenant of general warranty added by them, to Joseph D. Meyer;

Mrs. Margaret Frels died in August of 1933.

On January 9 of 1943, Joseph D. Meyer and wife, Wilhelmina Meyer, executed an oil and gas lease to Tulane Gordon, which was later assigned to the appellees herein, who are now the owners of any rights under that lease.

Thereafter, on October 16 of 1946, Joseph D. Meyer and wife, Wilhelmina Meyer, executed a warranty deed to Peter R. Schuette, one of the appellees herein, covering the 206 acres herein involved, subject to all valid mineral leases theretofore executed by such Meyers, as grantors, and recorded in Colorado County; furthermore, all of such above-enumerated instruments—both the deeds and the leases—were, each in its turn, duly and promptly filed for record in the proper records of Colorado County, after the respective executions thereof.

Appellants in their brief thus concrete their position upon the controlling question involved—that is, the legal effect of the quoted reservation in Mrs. Margaret Frels's deed of July 14 of 1919:

"By deed of 1919, Mrs. Margaret Frels conveyed to appellants the 206.4 acres of land, and reserved an undivided one-half of the mineral-fee estate therein. Appellants, by that deed did not acquire title to that undivided one-half mineral interest, and they did not own it when they executed the warranty deed to Meyer in 1927. Meyer is charged with full knowledge of that fact when the deed was delivered to him in 1927. He knew that he was not getting the undivided one-half mineral interest. Meyer, as well as appellants, knew the title to the one-half mineral interest was

in Mrs. Margaret Frels, so there could have been no deception, or misrepresentation, under appellants' warranty deed.

"Appellees herein, successors-in-title to Meyer, cannot now be heard to say that they are entitled to an estate, which Meyer knew he was not getting when he took the deed from appellants in 1927."

For authority in support of it they rely, primarily at least, on Art. 1296, Revised Civil Statutes of Texas, and Andrews v. Brown, Tex.Com.App., 10 S.W.2d 707.

This Court, after its study of the record, is unable to agree with them, but is constrained to overrule all their assignments, and, instead, to hold with the contrary principles comprehended within the crosspoints so presented by the appellees.

In doing so, it is conceded that the Andrews v. Brown case, 10 S.W.2d 707, by the Commission of Appeals of Texas, under which appellants ground their main premises, involved a reservation similar in many respects to the one here at bar. But this Court considers that—even upon the question of the construction of the respective reservations—the Brown case did not exhibit upon its facts the legal equivalent of those here; indeed, the Commission of Appeals there seems to have in effect differentiated that cause from this one, by this qualification in its opinion, at page 708 of 10 S.W.2d column 2, paragraph 4: "We do not say, or imply, that W. A. and S. H. Brown might not have made a valid contract respecting the estate as yet to commence, nor that the 'lease' in fact executed would not have bound them in respect to the estate in futuro, as and when the subject-matter thereof should become available for their enjoyment; those are questions which * * * had best be left to the occasion when their determination is essential, such an occasion not now existing, for reasons presently appearing."

■ While here, to the contrary, appellants in their warranty deed to Meyer did make a valid contract respecting the estate thereafter to commence in these minerals, by assuming to convey to Meyer the mineral estate which, it may be conceded, they

did not own at the time, but which they later acquired in 1933, upon the death of Mrs. Frels.

In other words, under well-settled authority, it would seem that their unqualified warranty deed conveyed to Meyer not only the interest they then owned in the minerals, but also any title they may have afterwards acquired, on Mrs. Frels' death. Baldwin v. Root, 90 Tex. 546, 553, 40 S.W. 3; Caswell v. Llano Oil Co., 120 Tex. 139, 36 S.W.2d 208; Corp.Jur., Vol. 21, pages 979 and 997; 31 C.J.S., Estates, §§ 69, 88; Donnell v. Otts, Tex.Civ.App., 230 S.W. 864; Duhig v. Peavy-Moore Lumber Co., 135 Tex. 503, 144 S.W.2d 878; Farmers Royalty Holding Co. v. Cherry, Tex.Civ. App., 142 S.W.2d 255; Id., 138 Tex. 576, 160 S.W.2d 908; Farmers Royalty Holding Co. v. Kulow, Tex.Civ.App., 186 S.W.2d 318; Id., 144 Tex. 312, 190 S.W.2d 60; Jackson v. Jackson, Tex.Civ.App., 114 S.W. 2d 644; Robinson v. Jacobs, 113 Tex. 231, 254 S.W. 309; Schlitter v. Smith, 128 Tex. 628, 101 S.W.2d 543; Tex.Jur., Vol. 14 pages 899–909, and Vol. 43, pages 249–250.

Since, indisputably—at least under the view this Court takes—appellants thus assumed to convey to Meyer the mineral estate this reservation had to do with, the question of whether or not Meyer had constructive notice of the reservation in Mrs. Frels' deed to appellants becomes academic; because the matter of notice, whether actual or constructive, had nothing to do with the right of the appellees to recover for the breach of the covenant of general warranty so contained in such deed. Coleman v. Luetcke, Tex.Civ.App., 164 S.W. 1117; Corp.Jur., Vol. 15, page 1230; 21 C.J.S., Covenants, § 38; Massad v. Bumpus, Tex.Civ.App., 146 S.W.2d 1073.

Indeed, as the appellees present in this connection, it seems clear that whatever title appellants acquired on the death of Mrs. Frels did pass eo instanti to the Meyers, in consequence of the warranties of appellants, and as for a breach of that covenant; hence the appellees were not relegated to the necessity of setting up estoppel against appellants by affirmative pleading thereof.

Appellants are mistaken in their review of the opinion by the Commission of Appeals in the Andrews v. Brown case, supra, in reciting that it was adopted by the Supreme Court. That Court did not adopt the opinion, but merely affirmed the judgment, as recommended by the Commission of Appeals. See 10 S.W.2d at page 709.

Wherefore, on the whole cause, without refining upon the character of the interest appellants acquired under the reservation, or whether it was vested or not, it seems clear that the general warranty in their deed to the Meyers constituted a covenant running with the land, which inured to the benefit of these appellees; hence the trial court was correct in so holding.

The judgment will be affirmed.